ALEXANDER VS. FITZPATRICK.

*As to demurrers to evidence.*

1. Where the truth of evidence, adduced to support an issue, is admitted by a defendant, but its legal effect denied, such defendant has a right to demur to the evidence: and the plaintiff in such case, would be compelled either to join in the demurrer, or to waive the testimony.
2. For the refusal of an inferior Court, in a proper case, to compel a party to join in a demurrer to evidence, or waive the evidence, error will lie.
3. Though, *it seems*, that a party would not be permitted to complain, in error, of the rejection of a demurrer to evidence, where the record showed it to be frivolous.

In error to the Circuit Court of Montgomery county.

This was an action of trespass on the case, which the plaintiff in error commenced against the defendant, in the County Court of Montgomery county, on the ninth of February, eighteen hundred and thirty-five. In addition to the common counts, the declaration contains a count upon the following instrument:

"Montgomery, 16th March, 1825.—Received five hundred dollars of Edmund Alexander, which money is to be disposed of for negroes, together with five hundred dollars of my own money, by Col. Harrison Young. If not disposed of by the first day of June next, the money is to be returned to him by me."

This instrument was executed by the defendant. In the count upon it there were averments, that the

money was not invested on or before the first of June, eighteen hundred and twenty-five, in the purchase of negroes, and that before the commencement of this suit the plaintiff had requested of the defendant a return of the money.

A trial was had before a jury, in the County Court, on issues taken upon the defendant's pleas of non-assumpsit, and the statute of limitations. Upon the trial the plaintiff produced to the jury the instrument which has been mentioned, and proved that his attorney at law, had, in 1829, '30, demanded of the defendant an account of the negroes or of the money, referred to in the instrument, and that the defendant declined then making any account. The plaintiff offered no other evidence, and the defendant offered none. The defendant then offered a demurrer to the evidence, in which, he admitted the truth of the testimony. The Court refused to compel the plaintiff to join in the demurrer; for which the defendant excepted. The issues were tried by the jury, and they assessed the plaintiff's damages at six hundred and eighty-six dollars and sixty-six cents; for which sum he recovered a judgment.

The case was removed, by the defendant, into the Circuit Court of Montgomery county, where he assigned as error the refusal of the County Court to compel the plaintiff to join in the demurrer, and upon the assignment, the Circuit Court reversed the judgment, and remanded the cause to the County Court.

Upon the judgment of the Circuit Court, the plaintiff sued out a writ of error, and has brought the case into this Court.

· *Dargan,* for plaintiff in error.

HOPKINS, C. J.—The first question in the case, is, had the defendant a right to demur to the evidence. This question does not arise in a case, in which the evidence is wholly parol, and loose and 'indefinite, or circumstantial.    Whether the right exist in such a case, we shall not enquire.    Here, a part of the evidence is written, and the remainder, although parol, is  certain, and  no more  admitting of  any variance, than the matter in writing.

In addition to the legal admission of the matters proved, which the demurrer would have been, in this case, had it been allowed, the defendant expressly admitted the truth of the evidence in the demurrer, that he offered.

The only question then, between the parties,  was the  legal  effect of the facts, which had  been . both proved and admitted.   The legal effect of facts, is in every case, a question for the Court to decide.   If the facts proved in this cause had not been admitted by the defendant, and the  jury had  ascertained them, they ought to have applied the  law to them according to any instructions which the Court gave, and returned a  verdict  that would have had the  effect to which the Court decided the facts, if found would be entitled.    If a plaintiff show no cause of action in his declaration, no principle is clearer or more just, than that which gives a defendant a right to admit all the facts which are well pleaded in the declaration, by a demurrer to it, and thus make the questions in the case purely legal, to be decided by the Court.    No one has ever supposed that this principle encroached

upon the proper sphere for the action of juries.— Why refer a question of law merely, to a jury, to be decided according to the opinion of the Court? The law intends juries to enquire of and ascertain disputed matters of fact, and to apply the law according to the opinion of the Court, to the facts they find. But where the matters of fact set out in a declaration, as the plaintiff's cause of action are admitted by the defendant, there is nothing for a jury to do. The principle which would give the right to admit, in some mode, such matters of fact as are in this case, and apply to the Court to decide the legal questions that arose, would be as reasonable as the principle which allows a demurrer to any part of the pleadings. After the admission of the facts, there are no other than legal questions to be determined. If a jury should be required to decide these, their decision ought to conform to the opinion of the Court. Such conformity might always be expected, unless the instructions of the Court were misapprehended, or influences operated, which caused a disregard of legal justice. If a jury make an erroneous application of the law to the facts, it is the duty of a Court to set the verdict aside upon a proper application. The doctrine is, we think, properly settled, that to such evidence as the testimony in this case, a party has a right to demur, and that the other party is obliged either to join in the demurrer or waive his evidence.*

As the County Court neither compelled the plaintiff to join in the demurrer, nor to waive his evidence,

*2 H. Blac. 206—Gibson & Johnson v Hunter—Cro. Eliz. 753—2 Rand. R 68, 353—1 Stewart's Rep. 321, 337, 557—Gould's Pl. 183, 480.

the right of the defendant to demur was denied to him.

Whether the error of the Court, in denying the right, be one for which a writ of error lies, is the next and last question.

Some Judges have expressed the opinion, that such an error is committed by a Court in the exercise of its discretion, and that for it no writ of error will lie. But the second branch of this proposition has not, within our knowledge, the judgment of any Court to support it.* [*2 Porter's R. 9, 14—7 Cranch 565]

That the writ lies for such error, has been adjudged, and principle in our opinion, requires the question to be so decided.† [†2 Rand R. 68, 353.—2 H. Black'e 209.]

If a demurrer were offered by one party to evidence, the legal effect of which clearly maintained the part of the issue of the other party, and the Court were to reject it, the act of the Court might not be an error of which the party ought to be permitted to complain, because his demurrer was frivolous, and the record would show that he was not injured by the rejection.‡ [‡2 H. Blac 208, 209]

But the demurrer, which was offered in this case, was not of a frivolous character. The evidence of the plaintiff is relevant to one only of the two issues in the case.

There is no error in the judgment of the Circuit Court. Let the judgment be affirmed.

GOLDTHWAITE, J., not sitting in this case.