## WILLIAMS *vs.* McCONICO, GUARDIAN, &c.

[APPLICATION BY WIDOW FOR LETTERS OF ADMINISTRATION ON ESTATE OF HER
DECEASED HUSBAND.]

1. *Sufficiency and approval of appeal bond.*—When an appeal is taken from a de-
cree of the probate court, under section 1888 of the Code, a simple acknowl-
edgment in writing is sufficient security for the costs; and if an appeal
bond is taken, which describes the decree with sufficient certainty, and
which is shown by the judge's certificate to have been approved by him at
the time the appeal was taken, this is a substantial compliance with the law.
2. *What disqualifies widow from administering on her husband's estate.*—A widow is
entitled to administer on her husband's estate, unless disqualified by some
one of the causes specified in section 1658 of the Code; but the fact that she
had separated and was living apart from him at the time of his death, and
entertained feelings of hostility towards him, does not disqualify her.
3. *Demurrer to evidence.*—When a demurrer is interposed to evidence adduced
in support of a plea, the defendant may be compelled to join in it; and if
the evidence is insufficient to support the plea, judgment should be rendered
for the plaintiff.

APPEAL from the Court of Probate of Sumter.

MRS. ELIZA A. WILLIAMS, the appellant, having made ap-
plication for letters of administration on the estate of her
deceased husband, James O. Williams, the guardian *ad litem*
of the decedent's minor heirs appeared, and contested her
right to administer on the ground of her unfitness.   On the
trial of this issue, the applicant proved the death of said
James O. Williams, that she was his widow, and that she was

Williams v. McConico, guardian, &c.

over twenty-one years of age, and a resident of this State. The contestant then introduced evidence, showing that the applicant had separated from her said husband some time in the spring previous to his death, and went to reside in Choctaw county; that she accused him of inconstancy, and said that she would never live with him again; that she manifested great animosity towards him, and continued to live separate and apart from him up to the time of his death; that her said husband left his business in a very confused condition, and was involved in many lawsuits; that the applicant had funds in her hands, belonging to her minor children by a former husband, of whom she was sole guardian when she married Williams, which she would not deliver up on settlement, and which (as the witness thought) she would hold against any other person offering to administer. The applicant also introduced evidence, tending to show that she was of good business capacity and good moral character, and that any one who administered on her husband's estate would be compelled to obtain her assistance.

The applicant demurred to the testimony introduced by the contestant, of which the substance only is stated above, but the court overruled the demurrer. She also offered to the court a good and sufficient bond for the faithful performance of the duties of the administration, but the court refused to receive it, and refused also to grant to her letters of administration on said estate; and to these rulings of the court she excepted, and now assigns them for error.

The appeal bond in the record is dated September 28th, 1853, and is made payable to Christopher S. McConico, the guardian *ad litem* of the minor heirs. The appeal was taken to the January term, 1854, of this court, and the bond is endorsed by the probate judge, "Approved February 18, 1854, as of the date of the execution of the bond"; but he certifies, in answer to a special *certiorari*, that the bond was in fact approved by him at the time of its execution, though he did not make the endorsement of its approval until Feb. 18, 1854.

R. H. SMITH, for the appellant.

A. A. COLEMAN and JOHN F. VARY, *contra*.

GOLDTHWAITE, J.—In relation to the objections which have been urged against the appeal bond, it is only necessary to say, that under the law regulating this appeal (Code, § 1898), security for the costs only was required; and in such cases a simple acknowledgment in writing is all that is necessary, to the effect that the surety acknowledges himself security for the costs of the appeal.—Riddle v. Hanna, 25 Ala. 484. Here, the obligation is to pay the costs of the appeal, which is described with sufficient certainty, and it was approved by the proper officer, as his amended return shows, at the time the appeal was taken. This we regard as a substantial compliance with the law.

In relation to the case upon the merits, the record sets out the whole evidence, and shows that the application of the appellant, as the widow of the intestate, for letters of administration, was resisted, on the ground that she was an unfit person to act as administratrix. It being established that she was the widow, she was the first person entitled to administer (Code, § 1668); and under the law, every one is a fit person, unless disqualified by some one of the causes specified in section 1658. Allowing every legitimate inference in favor of the contestants upon the evidence offered by them, it is clear that it did not establish any ground of unfitness covered by the section of the Code to which we have referred; and they should have been required by the court to have joined in the demurrer (Alexander v. Fitzpatrick, 4 Port. 405), and judgment on it should have been rendered in favor of the applicant.

Decree reversed, and cause remanded.