# Martin *v*. The State.

### *Indictment for Escape.*

1. *Demurrer to evidence ; when permissible.*—In civil cases either party may, as matter of right, interpose a demurrer to evidence, in which the opposite party will be compelled to join, if the demurrer is not frivolous ; but the provisions of the Code on that subject, which repeal the common law, so far as inconsistent with them, are limited by their terms to civil cases.

2. *Same* ; *disapproval of, in criminal causes.*—While the accused in a criminal cause may, by consent, demur to the evidence, the court disapproves as a dangerous practice, the resort by a defendant to a demurrer to the evidence, thereby burdening himself with the rigid technical rule, that he admits every inference or deduction the jury could legally deduce.

3. *Evidence ; what not sufficient to sustain judgment of.*—Where there is no evidence of the venue, a demurrer to the evidence should be sustained; and a judgment of conviction on such evidence will be reversed.


APPEAL from Hale Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

The appellant, Frank Martin, was tried and convicted of an escape from hard labor, to which he had been sentenced. On the trial, the State introduced the record of his former conviction and sentence, for burglary, to hard labor for the county, for the term of two years and a sufficient length of time, in addition, to pay the costs. The State also introduced the records of the Commissioners' Court, and the clerk of said court, as a witness, to prove that the defendant was turned over to the superintendent of hard labor for the county, one James. The State also introduced a witness, one N. T. James, a son of the superintendent, who testified that he saw the defendant, with other laborers for the county under his father's charge, on the day before the alleged escape, and that he never saw him with them afterwards, although he was with the convicts as a guard thereafter, and that on the day of the escape witness was three miles distant from them, and did not see them on that day. The State here

[Martin v. The State.]

rested, and the defendant, by consent, demurred to the evidence; the demurrer was overruled, and the defendant sentenced for double the term of his former conviction. From this judgment and sentence the defendant appeals to this court.

CLARENCE DERRICK, for appellant.

H. C. TOMPKINS, Attorney-General, *contra*.

BRICKELL, C. J.—A demurrer to evidence, is a declaration of record by the party making it, that he will not proceed further, because the evidence given by his adversary is insufficient to maintain his cause of action, or the matter of his defense, and is analagous to a demurrer in pleading. The effect of it is now declared by the statute, as it had been declared on common law principles by this court in numerous decisions.—1 Brick. Dig. 883, § 1146. The words of the statute are: "The effect of a demurrer to evidence, is an admission by the party demurring, of the truth of the evidence demurred to, and of every inference or conclusion which a jury could legally deduce therefrom; and devolves on the court the determination of the issue of fact, between the parties, as well as the law."—Code of 1876, § 3104. In civil cases, it is a matter of right in either party to interpose such demurrer, and the refusal of an inferior court to compel a joinder, (the demurrer not being frivolous,) is an error which will work a reversal of the judgment.—*Brandon v. P. & M. Bank*, 1 Stew. 320 ; *Alexander v. Fitzpatrick*, 4 Port. 405 ; *Williams v. McConico*, 27 Ala. 572 ; *Shaw v. White*, 28 Ala. 637. The Code is a revision of the law in respect to such demurrers in civil cases, and operates an abrogation of the common law, so far as is inconsistent with it.—Sedgwick on Cons. & Stat. Law, 365. It is limited, however, by its terms, to civil cases.

It seems to have been a rule at common law, that while neither the crown, nor the accused, could be compelled to join in a demurrer to evidence, yet, by consent, such demurrer could be interposed by the accused.—*Brister v. State*, 26 Ala. 127 ; *Bryan v. State*, Ib. 65 ; *Doss' case*, 1 Grat. 557 ; 1 Chit. Cr. Law, 623. In *Bryan v. State, supra*, such demurrer was interposed, and a judgment of conviction affirmed upon the ground that there was evidence tending to establish a material ingredient of the offense, and as there was evidence tending to establish the fact, the demurrer was an admission of it. The constitution guarantees, "in all prosecutions by indictment, a speedy public trial, by an impartial jury of the
(16)

[Martin v. The State.]

county or district in which the offense was committed."
The statutes do not authorize the court in any criminal case,
except when the defendant pleads guilty, to render judgment
against him. When that plea is interposed, the court may
cause witnesses to be examined as to the character of the
offense.—Code of 1876, §§ 4869-71. In all criminal prose-
cutions, the guilt of the accused must be fully proved, a
preponderance of evidence may turn the scale in a civil case;
but in a criminal prosecution, "neither a mere preponder-
ance of evidence, nor any weight of preponderant evidence, is
sufficient, unless it generate full belief of the fact, to the
exclusion of all reasonable doubt."—3 Green. Ev. § 29. If a
demurrer to evidence may be interposed, and has the same
effect, in a criminal prosecution, as in a civil case, this wise
and humane rule of the criminal law must be reversed. The
evidence, instead of being taken most favorably for the
accused, must be taken most strongly against him, if he is
the demurrant. Against him there may not be a *preponder-
ance* of evidence ; it would be enough that there is evidence
having a mere tendency to establish a material fact ; then
the fact, according to *Bryan v. State, supra,* must be taken
as admitted. A jury, if the question were submitted to
them, with proper instructions from the court, would hesi-
tate to affirm that the mere tendency of the evidence over-
comes the presumption of innocence, which shields every
prisoner at the bar.

A party accused of a violation of the criminal law, may
waive many of the rights and privileges secured to him by
the constitution and the common law ; but the courts are not
inclined to encourage such waivers. These rights and privi-
leges may in some cases seem unreasonable, and seem to
afford him undue advantages. No " extremity of inconven-
ience," will ever excuse a court for invading them.—*Com. v.
Lester,* 17 Serg. & Rawls, 164. " *Tutius semper est errare in
dequietando, quam in puniendo; ex parte misrecordiae quam ex
parte justitiæ.*" In no case of conviction, in which the evi-
dence is palpably inconsistent with the reasonable supposi-
tion of the innocence of the accused, can the primary court
refuse to grant a new trial. Granting it, rests in the discre-
tion of the court, and its refusal is not revisable on error.
The discretion is judicial, regulated and controlled by the
law, as completely as if its exercise was revisable on error.
It is not to be presumed, that in exercising it, any judge
would be influenced by the consideration, that a party con-
victed of crime has no remedy, if he decides against him.
Such a consideration would incline him to listen more readily
and favorably to the application, and if the verdict is palpa-

[Clark & Coleman v. Few.]

bly against the evidence, to set it aside. A motion for a new trial will secure to a prisoner all the benefits of a demurrer to evidence, and relieve him from its technical disadvantages. The court may also request the jury to find a special verdict, the legal effect of which the court may afterwards determine. Or, if the evidence is wholly insufficient for a conviction, the accused is entitled to require an instruction to the jury, that they are bound to render a verdict of acquittal. It is a dangerous practice for a defendant in a criminal case to resort to a demurrer to evidence, burdening himself with the rigid technical rule, that he admits every inference or deduction the jury could legally deduce. The practice ought not to be encouraged.

A judgment of conviction rendered on such demurrer, can not be sustained, when there is an absence of evidence of any material fact. Venue, proof of the locality of the offense, corresponding with the averment of the indictment, is indispensable to support a judgment of conviction. There is no fact found in the written evidence to which the demurrer was interposed, which reasonably can be accepted as proving the commission of the offense in Hale county. The inconclusiveness of the evidence in other respects, when subjected to the tests to which evidence in all criminal cases, must be subjected, may be passed. For this reason, if no other, the judgment of conviction must be reversed and the cause remanded; the prisoner will remain in custody until discharged by due course of law.