# Bradley *et. al. v.* Harden, Adm'r.

*Action against Sureties on Official Bond of Judge of Probate.*

1. *Pleading and practice; when demand for money sued for dispensed with.*—In an action by the administrator of a deceased minor against the sureties on the official bond of a judge of probate, for money paid to him under the provisions of section 2809 of the Code of 1876, and not accounted for, averment and proof of a conversion of the money to his own use by the judge of probate dispense with a necessity for a demand for the money before the commencement of the suit.

[Bradley et al. v. Harden, Adm'r.]

2. *Interest on money converted; from what date it begins to run.*—Nor is a demand necessary, in such case, to fix upon the sureties a liability for interest on the money; but they are liable for the money converted, with the interest thereon.

3. *Statutes of another State must be proved.*—This court can not take judicial notice of the statutes of another State; but such statutes must be proved.

4. *Common law presumed to prevail in Georgia.*—In the absence of proof to the contrary, this court will presume that the common law prevails in the State of Georgia.

5. *Removal of foreign administrator to this State; effect of on administration.*—At common law, the non-residence of an executor or administrator neither wrought legal incapacity, nor furnished ground for removal; and hence, it can not be assumed, in the absence of proof of the statutes of Georgia, that the removal by an administrator appointed in that State to Alabama *ipso facto* vacated his administration.

APPEAL from Henry Circuit Court.

Tried before Hon. H. D. CLAYTON.

The nature of this action is sufficiently indicated in the opinion. The defendants filed the following, among other pleas: 1. That "the plaintiff, if he ever was the administrator of Henrietta Jones, deceased, in the State of Georgia, had ceased to be such administrator before the commencement of this suit, he having removed from said State to Alabama, and being a resident of the State of Alabama at the time of the commencement of this action." 2. That "no demand was made by the plaintiff, nor by any other person entitled to receive the money specified in the complaint, of the said John B. Appling in his life-time, nor of any administrator of his estate, nor of his heirs, since his death, for said money; and that, as sureties on the official bond of said Appling, these defendants are not liable for said money, or for any part thereof." 3. That "if there is any liability whatever upon them as sureties on the official bond of said Appling, they are not liable for any interest on the said sum alleged to have been paid over to said Appling for plaintiff's intestate, no demand having been made upon said Appling for said money in his life-time by any person entitled thereto." The plaintiff demurred to the first and second pleas, and his demurrers were sustained. The record fails to show whether issue was joined on the third plea, or what course the plaintiff pursued in reference thereto. By agreement of parties, the cause was tried by the court without the intervention of a jury; and the court rendered judgment for the plaintiff for the sum of $100.28, and costs of suit.

On the trial in the court below, the plaintiff, after reading in evidence the bond sued on, offered evidence tending to show that on 2d January, 1877, a final settlement was had, in the probate court of Henry county, of the estate of one Summer, deceased, by his administrator, and that on that settlement a

[Bradley et al. v. Harden, Adm'r.]

decree was rendered in favor of the plaintiff's intestate, in the name of his guardian *ad litem*, he then being a minor, and a distributee of said estate, for $87.53, which sum was, on the same day, paid over to J. B. Appling, who was then judge of probate of said county, for said minor, and his receipt taken therefor; that said Appling having afterwards died while in office, H. E. Owens was appointed his successor, and from the latter the plaintiff demanded the money sued for, but failed to obtain it; that said Owens had made diligent search in his office, and he had failed to find any money, or any receipt or other paper, showing that said Appling had ever made any disposition of the money sued for, although receipts for other moneys paid out by said Appling were found; that the plaintiff had never demanded the money from said Appling, or from any other person than said Owens; and that he had fully complied " with the requisitions of the statute as to filing a duly authenticated copy of his ·letters of administration, and as to the execution. and filing by him of the bond required from foreign administrators in such suits." It was also shown that the plaintiff was, at the time of the trial, and had been since the 3d September, 1880, a resident of this State; and that plaintiff's attorney demanded, prior to the commencement of suit, from one of the defendants the money sued for, principal and interest.

This being the substance of the evidence, " the defendants asked the court to rule," in substance, that " if no demand was made of John B. Appling in his life-time by any person, authorized to receive the money decreed to Henrietta Jones, for said money, then the plaintiff can not recover in this action." This ruling the court refused to make, and the defendants excepted. " The court then ruled, that the plaintiff was entitled to recover in this action the principal sum of $87.53, with interest thereon from the commencement of the suit, and gave judgment accordingly;" and to this ruling the defendants excepted.

The rulings above noted are here assigned as error.

Jno. M. McKleroy and J. A. Corbitt, for appellants.

William C. Oates, *contra*.

SOMERVILLE, J.—The appellants are sued as sureties on the official bond of one Appling, who was judge of probate of the county of Henry. The action is based on the alleged *conversion* by him, during his life-time, of the sum of eighty-seven dollars and fifty-three cents, paid to him on a decree

rendered in favor of Henrietta Jones, a minor, of whose estate the plaintiff is administrator.

It is provided by statute, that the judges of probate of the several counties in this State be constituted the custodians of funds belonging to minors, in certain specified cases, where the amount belonging to each minor does not exceed one hundred dollars.—Code, 1876, § 2809. There seems to have been no controversy in the court below as to the fund here sued for being brought within the purview of the statute.

It is insisted, however, that the sureties can not be made liable in this action, unless there was a *demand* for the money made upon the principal. Such might be the rule in the absence of the *averment of a conversion* of the money, by appropriation to the principal's use, or otherwise. This fact, however, if true, would clearly fix the liability of the sureties, as it would constitute a breach of the principal's duties imposed by the bond. In such cases, there is no necessity for a demand. The purpose of a demand and refusal, in ordinary cases of bailment, is but to furnish *evidence of a prior conversion*, and is, of course, unnecessary when the conversion is otherwise proved.—2 Greenl. on Ev. § 644.

We can not assume that the removal of the plaintiff from Georgia to Alabama *ipso facto* vacated his administration in the former State, in which jurisdiction he seems to have acquired his letters of authority. The statute laws of other States are matters of evidence, and must be proved as other *facts*. We can not judicially take notice of them.—*Drake v. Glover*, 30 Ala. 382. Presuming, therefore, as we must in the absence of all proof, that the rule of the common law prevails in the State of Georgia, the removal of the plaintiff to Alabama did not even operate to disqualify him for the office of administrator, much less to absolutely vacate the office. The well settled rule of the common law was, that even an alien could be an executor, or administrator, and non-residence neither worked legal incapacity, nor furnished ground for removal.—1 Williams on Ex'rs, 187, 368.

There is no force in the suggestion, that a demand on the principal during his life-time was necessary in order to create a liability on the sureties for *interest* on the fund in dispute. Interest is usually considered as the legitimate fruit of principal, and is often allowed in the nature of damages for detention. Where money is wrongfully converted by appropriation to one's use, the amount converted, *with interest*, is the lowest authorized measure of damages.—*Ewart v. Kerr*, 2 McMullen, 141; 2 Greenl. on Ev. §§ 276, 649. The liability of the sureties, in such cases, is very clearly commensurate with that

of the principal in the bond, for the faithful discharge of whose duties they have solemnly bound themselves.

In our opinion, none of the assignments of error appearing upon the record are well taken.

Affirmed.