# Fulgham v. Fulgham.

*Appointment of Non-Resident as Administrator with Will Annexed.*

1. *Non-residents; appointment of as administrator, &c.*—At common law non-residence would not disqualify or render a person in-

[Fulgham v. Fulgham,]

competent to be appointed executor or administrator. There is no statute changing the rule in this state since the repeal of the provision (Rev. Code, §1976), declaring a person who was not an inhabitant of this state "an unfit person to serve as executor."

2. *Residuary legatee; right to such letters.*—Where a decedent, a resident and the owner of property in this state at the time of his death, disposes of such property by will in which no executor is named, the residuary legatee, although a non-resident, is entitled to letters of administration with the will annexed under Code of 1896, §53.

APPEAL from Bibb Probate Court.

Tried before Hon. N. H. THOMPSON.

The facts are sufficiently stated in the opinion of the court.

DORDEN & LANGSTON, and W. W. LAVENDER, for appellant.—An administrator may be removed and his letters revoked for his removal from the state.—Code, 1896, §92. What will disqualify from acting as executor, will defeat the right to be administrator.—1 Woerner on Amer. Law of Administration, p. 534, Art. 241. The right of non-residents to letters of administration are limited to cases defined by statute.—Code of 1896, §82.

ELLISON & THOMPSON, *contra.*—At common law, an alien may act as executor.—1 Williams on Executors, pp. 268-9, 271-2; 2 Blackstone's Commentaries, p. 502; 2 Swinburne on Wills, Part Five, p. 1, §1; 1 Croswell Exs. Admr. 72. For statutory provisions, see sub, 2, §1658, Code of 1852; §1976, Code of 1867, (omitted from §2340, Code of 1876; and §2004, Code of 1886) ; Code of 1886, §§2011 and 2037; see also, *McGregor v. McGregor,* 3 N. Y. C. App. (Abbott), 95; *Jones v. Jones,* 12 Rich. 626-7, 633; *Ex parte Baker,* 2 Leigh, 720; *Bradley v. Harden,* 73 Ala. 73. The power and duties of an administrator, with will annexed, are those of an executor. So of the rules prescribing qualifications, rather than those of administrators.—1 Schouler's Executors, 123.

COLEMAN, J.—The only question of importance presented by this appeal is whether the probate court is authorized to appoint a non-resident of the state, administrator, with the will annexed, of the estate of deceased

[Aycock, Admr. v. Johnson, Executrix.]

testator. The facts show that testator departed this life in Bibb County, Alabama, a citizen and resident of said county, leaving a will by which he disposed of his estate, consisting of real and personal property, all of which was in Bibb County at the time of his death, to various legatees and distributees. He left surviving him a widow, but no issue. The will had been duly probated, and the widow had filed her dissent thereto. No one was appointed executor by the will. After the will had been duly probated, Philip W. Fulgham, one of the residuary legatees, applied for letters of administration, with the will annexed. The widow contested his right to administer. Under the evidence the only question presented is the authority of the court to appoint a non-resident. At one time, by statute, a person who was not an inhabitant of this state, was declared to be an "unfit person to serve as an executor."—1 Brick. Dig. 914; Rev. Code, §1976. There is no such statute in existence at this time. At common law, non-residence would not disqualify or render incompetent a person from being appointed administrator or executor.—*Bradley v. Harden,* 73 Ala. 70; 1 Williams on Executors, §368. The testator not having appointed an executor, the residuary legatee was entitled to the appointment with the will annexed.—Code of 1896, §53.

The question as to what property is subject to administration and the authority and control of the administrator over the dower and distributive interest of the wife, she having dissented from the will, does not arise on this appeal, and will not be considered.

Affirmed.