[Crommelin v. Raoull, et al.]

# Crommelin *v.* Raoull, *et al.*

### Contest of Appointment of Administrator.

(Decided July 6, 1910.   Rehearing denied Dec. 22, 1910.
53 South. 745.)

*Executors and Administrators; Appointment; Qualifications; Statutes.*—Section 2508, Code 1907 is applicable to the appointment of administrators although found in a different article, and the disqualification of an applicant to administer an estate, who was otherwise entitled to preference, not based on one of the grounds specified in said section, was no objection to his appointment as such administrator.

(Mayfield, Sayre, and Evans, JJ. dissent,.)

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Application by John G. Crommelin for letters of administration upon the estate of his deceased uncle with contest and objection filed by Sadie G. Raoull and others.   From an order denying the application, petitioner appeals.   Reversed and remanded.

RAY RUSHTON, and M. W. WILLIAMS, for appellant. John G. Crommelin left no widow and the present applicant as the only surviving male next of kin is entitled to letters of administration, unless disqualified to act. The priority prescribed by the statute is a matter of right and the court had no discretion except that provided in and limited by the statute.—*Williams v. McConnico*, 7 Ala. 572; *Randall v. Shrader*, 17 Ala. 333; *Dunham v. Roberts*, 27 Ala. 701; *Curtis v. Williams*, 33 Ala. 570; 18 Md. 1; 141 Cal. 538; 75 Ind. 395; 108 Mo. 465; 20 Nev. 462; 3 A. T. K. 456; Section 2508, Code 1907.   The appellant is not disqualified by the statute to act, and the fact that section 2508 does not appear in the article relative to administrators is no reason for its hav-

ing no application thereto.—See authorities supra. A hostile or adverse interest will not disqualify an applicant for letters of administration unless there is a rival applicant of equal degree of kinship and of the same sex.—Authorities supra, and section 2522, Code 1907; *In re Baquer*, 88 Cal. 302. The applicant is not hostile to the appellee, and has no such interest in the estate as renders him ineligible.

HILL, HILL & WHITING, and W. B. BLAKEY, for appellee. The facts show that the interest of the appellant is absolutely hostile and antagonistic to the interest of the appellees, and the decision of the probate court should be affirmed on the authority of *Birmingham v. Crenshaw*, 34 Ala. 683, and *Berry v. Hamilton*, 54 Am. Dec. 515. Counsel insist that it was within the discretion of the court under section 2520, Code 1907, to say who was fit to serve, and as there is nothing in the statute defining the meaning of "fit to serve" that we are relegated to common law to ascertain who are fit to serve.—*Kidd v. Bates*, 120 Ala. 79. The appellant was not a fit person to serve because of his adverse interest to the estate and to some of the distributees.— 18 Cyc. pp. 93-4; 19 A. & E. Enc. of Law, (1 Ed. pp. 195-6-7), footnote 1, p. 197; Woener on Administration, vol. 1, p. 553.

ANDERSON, J.—It is uncontroverted that the appellant, under the terms of sections 2520 and 2523 of the Code 1907, is entitled to the preference in the appointment as an administrator of the deceased. The only ground urged against his appointment relates to his disqualification, rather than the relationship.

Section 2508 of the Code of 1907 provides the grounds of disqualification, and our court has heretofore held that these statutory grounds are exclusive.—*Kidd v.*

*Bates,* 120 Ala. 79, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17; *Williams v. McConico,* 27 Ala. 572. It is true that the statute (section 2508) mentions executors only, in dealing with grounds of disqualification; but as far back as the year 1856, this court in the case of *Williams v. McConico, supra,* applied said statute to administrators also, and held that every one was a fit person to be an administrator, unless disqualified by some one of the causes specified in section 1658 of the Code of 1852, and which appears without material change as section 2508 of the Code of 1907. This section has been re-enacted repeatedly, and we must hold that the construction given it in the case of *Williams v. McConico, supra,* was acceptable to the lawmaking power, and that it was re-enacted subject to said construction, as we find nothing elsewhere in the subsequent Codes limiting said section or extending the grounds of disqualification, as to administrators.

It is true the arrangement of the present Code is not identical with the Code of 1852, as the present Code deals with executors and administrators in different articles to the same chapter, while the Code of 1852 grouped them in the same article; but we do not think a mere rearrangement of the subjects, for convenience, with no change in the language of the sections, showed a legislative intent to remove administrators from the influence of section 2508 of the Code of 1907. Moreover, they are dealt with in the same chapter, which relates to "administration of estates." The construction given in the case of *Williams v. McConico, supra,* was not changed in the case of *Bingham v. Crenshaw,* 34 Ala. 687. It was not overruled or qualified in the slightest, and the opinion could amount to no more than a criticism, if that, and, if a criticism, the warning was not heeded by the lawmaking power, who seem to have been

satisfied with the construction given the statute in the case of *Williams v. McConico, supra.*

The grounds urged against the appellant are not embraced in the causes of disqualification enumerated in section 2508, and, the appellant being entitled by way of preference, he should have been appointed, and the probate court erred in refusing him the appointment.

The decree of the probate court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur. MAYFIELD, SAYRE, and EVANS, JJ., dissent.