(85 South. 439)

## BROWN v. BROWN.  (7 Div. 45.)

(Supreme Court of Alabama. April 8, 1920.)

**1. Executors and administrators ⬤⇒17(3) — Widow has preferential right to administer husband's estate.**

Under Code 1907, § 2520, a widow, if a fit person, is entitled to administer husband's estate over the other classes of persons enumerated in the statute, though she may have an adverse interest in the estate or claims a superior right to his next of kin.

**2. Executors and administrators ⬤⇒18 — A nonresident not ineligible to administer estate.**

The causes for removal and revocation of letters of administration enumerated in Code 1907, § 2566, as amended by Gen. Acts 1919, p. 40, without more, would not make a nonresident ineligible as administrator if otherwise a qualified and fit person to administer estate, under section 2508.

**3. Executors and administrators ⬤⇒17(3) — Wife entitled to administer though she had abandoned decedent.**

That wife had abandoned husband does not deprive her of the preferential right to letters of administration under Code 1907, § 2520.

**4. Executors and administrators ⬤⇒17(3)— Surviving wife may relinquish preferential right to administer.**

Surviving wife may waive or relinquish her preferential right to administer deceased's husband's estate under Code 1907, § 2520.

**5. Executors and administrators ⬤⇒32(2)— Letters may be recalled on court's own motion or upon application of interested person.**

Letters of administration which have been improperly or improvidently granted may be recalled by the court granting them or having jurisdiction of the administration of the estate, either at ex mero motu or on application of any person in interest.

Appeal from Probate Court, Etowah County; L. L. Herzberg, Judge.

<hr/>

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Petition of Cordelia Brown for the removal of D. B. Brown as administrator of her husband's estate and for her own appointment as administratrix. From a decree granting the relief prayed, D. B. Brown appeals. Affirmed.

W. J. Boykin, of Gadsden, for appellant.

A careful reading of sections 2559 to 2565, inclusive, Code 1907, is strongly persuasive that the Legislature never intended the appointment of nonresident administrators. 172 Ala. 287, 55 South. 248, Ann. Cas. 1913D, 651; 119 Ala. 403, 24 South. 851. If not a fit person to serve, she is not entitled to letters. 18 Cyc. 95–97.

Black & Harris, of Birmingham, for appellee.

The appeal should be dismissed, because not taken in time. Sections 2856, 2859, Code 1907; Acts 1915, pp. 7–11; 105 Ala. 328, 16 South. 891; 200 Ala. 95, 75 South. 471. The court committed no error. Sections 2508 and 2520, Code 1907; 169 Ala. 213, 53 South. 315, 32 L. R. A. (N. S.) 889; 186 Ala. 587, 65 South. 30; 27 Ala. 572; 202 Ala. 217, 80 South. 39; 79 Ala. 505; 77 Ala. 323; 191 Ala. 93, 67 South. 1016.

THOMAS, J. The appeal is from a decree of the probate court for the revocation of letters of administration and the appointment of petitioner as administratrix of the estate of her deceased husband.

The first application for letters of administration on the estate of Albert Brown, deceased, was by the father. The petition for removal and revocation thereafter made to the same court was by the widow of deceased. It is insisted by appellant that such petitioner was disqualified by the fact, if such it be, of her being a nonresident of this state at the time of the death of the husband and the date of her initial petition in the cause. The bona fides of the subsequent removal of petitioner to this state before the hearing is also challenged.

[1, 2] Under section 2520 of the Code of 1907, the widow, if a fit person, is the one who is first entitled to administer her husband's estate, over the other classes of persons enumerated in the statute, though she may have an adverse interest in the estate or claims a superior right to his next of kin. Willoughby v. Willoughby, 82 South. 168; [1] Bell v. Fulgham, 202 Ala. 217, 80 South. 39, 40. The causes for removal and revocation of letters of administration enumerated in the statute, without more, would not make a nonresident ineligible, were such applicant otherwise qualified, fit, and a proper person to administer. Code, § 2508; Crommelin v. Raoull, 169 Ala. 413, 53 South. 745; Bradley v. Harden, 73 Ala. 70; Gen. Acts 1919, p. 40,

No. 37; Code, § 2566; Carpigiani v. Hall, 172 Ala. 287, 291, 55 South. 248, Ann. Cas. 1913D, 651; Fulgham v. Fulgham, 119 Ala. 403, 24 South. 851.

[3–5] We have examined the record and cannot say that the probate court committed error in removing the parent at the instance of the wife, and committing the administration of the husband's estate to the wife. The fact that a woman has abandoned her husband does not deprive her of the preferential right to letters of administration given by section 2520 of the Code. Nichols v. Smith, 186 Ala. 587, 65 South. 30; Williams v. McConico, 27 Ala. 572; Crommelin v. Raoull, supra, 169 Ala. at page 415, 53 South. 745; Stanley v. Stanley, 202 Ala. 661, 81 South. 617. However, she may waive or relinquish her preferential right. Where letters of administration have been improperly or improvidently granted, such letters may be recalled by the court granting them, or having jurisdiction of the administration of the estate in question, either ex mero motu or on application of any person in interest. Bell v. Fulgham, supra; Koger v. Franklin, 79 Ala. 505; Watson v. Glover, 77 Ala. 323; Broughton v. Bradley, 34 Ala. 694, 73 Am. Dec. 474; Curtis v. Williams, 33 Ala. 570. And it has been held proper for a person applying for revocation of letters and removal of an administrator previously appointed in the same petition to ask for a grant of letters to petitioner. Bell v. Fulgham, supra; Fields v. Woods, 191 Ala. 93, 67 South. 1016; Curtis v. Williams, supra.

The decree of the probate court is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.