21 So.2d 665

## MOORE v. STRICKLAND.

### 6 Div. 266.

Supreme Court of Alabama.

Jan. 11, 1945.

Rehearing Granted March 8, 1945.

Further Rehearing Denied April 26, 1945.

Grady Reynolds and Reynolds & Reynolds, all of Clanton, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

PER CURIAM.

We are of opinion that the Act of March 26, 1936, General & Local Acts, Extra Session, 1936, p. 29, amending the Act of 1931, amendatory of Section 5742 of the Code of 1923, Code 1940, Tit. 61, § 81, by the substitution of the word "satisfactory" for the word "fit", worked no change in the meaning of the statute, as previously construed, and, therefore, the probate court was without discretion to consider any other disqualifications than those set down in § 69, Tit. 61, Code 1940.

Therefore, the court erred in denying the appellant's application for the removal of appellee, and for his own appointment.

Original opinion withdrawn, rehearing granted, decree of the probate court reversed, and the cause remanded.

GARDNER, C.J., and THOMAS, FOSTER, LIVINGSTON, STAKELY and SIMPSON, JJ., concur.

BROWN, J., dissents.

BROWN, Justice (dissenting).

The facts in this case are without dispute. The decedent Mrs. Willie Leck S. Moore departed this life in Jefferson County as a result of a collision of a car in which she was riding and a bus belonging to the Birmingham Electric Company on March 14, 1944. On March 24, 1944, letters of administration were granted by the Probate Court of Jefferson County to decedent's father H. S. Strickland. Thereafter John J. Moore, the husband of decedent, within forty days from the death of his wife, filed his petition in said probate court for his appointment as a person in the preferred class under Section 81, Tit. 61, Code 1940, alleging in said petition that, the decedent was a resident of Jefferson County and left assets in said county consisting of $200 in war bonds, and sought the removal of said Strickland on the ground that his appointment was improvidently made, in violation of petitioner's right or preference. The record shows that this petition was filed by said John J. Moore through his attorney-in-fact

E. L. Moore. It appears without conflict in the evidence that John J. Moore was absent in the army about eighteen months before his wife was killed and at the time of filing said petition he was in the active service in Italy and has been overseas about twelve months.

Said Section 81 provides that, "Administration of an intestate's estate must be granted to someone of the persons herein named if willing to accept and satisfactory to serve in the following order: 1. The husband or widow. 2. The next of kin entitled to share in the distribution of the estate. * * *"

Strickland, who was appointed by the court, is one of the next of kin entitled to share in the distribution of the estate and has a preferential right to the appointment secondary to the husband. Code 1940, Tit. 16, §§ 1, 12; Tit. 61, § 81.

Prior to the amendment of Section 5742, Code 1923, by the Act approved March 26, 1936, General Acts, Extra Session, 1936, p. 29, that section was in the following words: "Administration of an intestate's estate must be granted to some one of the persons herein named, if willing to accept, and fit to serve, in the following order: 1. The husband or widow. * * *"

The amendatory act substituted for the words "and fit to serve," the words "and satisfactory to serve."

Section 5729, Code 1923, Code 1940, Tit. 61, § 68, authorizing the issue of letters testamentary, "according to the provisions of this chapter, to the persons named as the executors in such will, if they are fit persons to serve as such", was not changed, nor was § 5730, Code 1940, Tit. 61, § 69 (Code 1852, § 1658), designating persons not fit to serve as executors, changed.

Prior to said amendment, the court, in a four to three opinion, in Crommelin v. Raoull, 169 Ala. 413, 415, 53 So. 745, ruled that said section 5730, relating to disqualifications of persons to be appointed as executors, was applicable to the appointment of administrators, though administrators are not mentioned in said section, justifying that holding on the ground that it had been so ruled in Williams v. McConico, 27 Ala. 572. The majority opinion in the Crommelin case observed: "This section has been re-enacted repeatedly, and we must hold that the construction given it in the case of Williams v. McConico, supra, was acceptable to the lawmaking power, and that it was re-enacted subject to said

construction, as we find nothing elsewhere in the subsequent Codes limiting said section or extending the grounds of disqualification as to administrators." [Italics supplied.]

And further, "The construction given * * * in the case of Williams v. McConico, supra, was not changed in the case of Bingham v. Crenshaw, 34 Ala. [683], 687. It was not overruled or qualified in the slightest, and the opinion could amount to no more than a criticism, if that, and, if a criticism, *the warning was not heeded by the lawmaking power,* who seem to have been satisfied with the construction given the statute in the case of Williams v. McConico, supra." [Italics supplied.]

The criticism by Justice Stone, in Bingham v. Crenshaw, referred to was: "Neither do we now decide, whether there are disqualifications for the office of administrator, other than those enumerated in section 1658 of the Code.—See Williams v. McConico, 27 Ala. 572; Curtis v. Williams, 33 Ala. 570." Bingham v. Crenshaw, 34 Ala. 683, 687.

The court speaking by Brickell, C. J., in Kidd et al. v. Bates, 120 Ala. 79, 23 So. 735, 737, 41 L.R.A. 154, 74 Am.St.Rep. 17, dealing with the question of the disqualification of persons to serve as executors, observed: "The question presented by the demurrer has been touched upon in two cases considered by this court, but cannot be said to have been adjudicated," referring to Williams v. McConico, 27 Ala. 572, and Bingham v. Crenshaw, 34 Ala. 683.

The further observation was made in Kidd v. Bates, supra: "The theory of counsel for appellants is that the words 'if they are fit persons to serve as such,' contained in section 45 [Code 1940, Tit. 61, § 68], indicate a legislative intent to give a very broad discretion to the court in determining what are causes of disability, and who are fit persons to serve as executors, and that section 46 [Code 1940, Tit. 61, § 69] was intended not to define all the causes of disability which should authorize the rejection of persons who apply for letters, but only to limit this discretion to the extent of forbidding the issue of letters to one who was under 21 years of age, or who had been convicted of an infamous crime, or who, from intemperance, improvidence, or want of understanding, was incompetent to discharge the duties of the trust. If section 45 stood alone, we would be inclined to adopt the construction contended for, and to declare that any cause which rendered the applicant unfit or unsuitable to serve as executor without detriment to the estate and undue advantage to himself would justify the refusal to issue letters testamentary to him. And upon this construction we would have no difficulty in determining that the facts alleged, if true, render the applicant for letters an unsuitable person to discharge the duties of the trust which require him to collect all the debts and other assets of the estate, and preserve them for distribution according to the provisions of the will, since his interests are clearly adverse to the estate and antagonistic to the legatees and devisees and others interested therein. The decisions of the courts of all those states the statutes of which vest the court with the power and discretion to determine who are suitable persons to serve as executors so hold, and the correctness of these decisions cannot be doubted."

But concluding that, inasmuch as the several sections of the code, relating to the appointment of executors, were "adopted at the same time, are in pari materia, and must be construed together; and the construction of one, if doubtful, may be aided by a consideration of the words of, and the legislative intent indicated by, the others, and of the evil of the common law intended to be remedied," the court was without discretion to appoint any one other than the person named in the will, unless such person was disqualified by the statute.

In a more recent case, Nichols v. Smith, 186 Ala. 587, 65 So. 30, 31, involving the appointment of an administrator, interpreting the words, "fit to serve", the court followed the decision in Crommelin v. Raoull, 169 Ala. 413, 53 So. 745. The opinion concluded that the appointment of appellee in that case was necessary, because no alleged grounds of disqualification can be considered, except as are named in the statute. Justice Sayre, stating for himself, "The writer concurs in the conclusion not to disturb the ruling of the probate court, for the reason that the moral deficiency of appellee, inferable from his abandonment of his children under the circumstances, is hardly enough to justify a reversal. I still think, however, that the principle of Crommelin v. Raoull *is unsound, and that there may be cases, other than those enumerated in the statute, which would justify the court in refusing*

*an appointment to the next of kin."* [Italics supplied.]

We think it clear that the "lawmaking body heeded the warning," resulting from the repeated controversies between the Justices of this Court in respect to the soundness of applying the provisions of the statute dealing with the disqualification of persons to be appointed executors of wills, when designated therein (now § 69, Tit. 61, Code 1940), to the appointment of administrators, and denying to the probate court any discretion in respect thereto, and by the Act of 1936, amending said § 5742 of the Code of 1923, by writing therein the provision, "willing to accept and *satisfactory to serve,"* and manifested a legislative intent to invest the probate court with a sound discretion to consider other disqualifications for the appointment of an administrator, in addition to those specified in Section 5730, Code 1923, now § 69, Tit. 61, Code 1940.

Clearly, a person may be fit, but not satisfactory, to serve. Satisfactory to whom? To the court and the interested parties. There is this distinction between executors and administrators; executors are nominated in the will of the testator or testatrix, but administrators are usually appointed on their voluntary application.

This interpretation justified the ruling that Moore, though holding a preferential right to the appointment, was not *"satisfactory to serve,"* because he was overseas actually engaged in war, and subject at all times to the control of the military authorities of the United States for an uncertain and indefinite period of time beyond the jurisdiction and control of the court wherein the administration was pending, and denying the petition to remove Strickland.

I, therefore, respectfully dissent.