## OGLESBY et al. *vs.* HOWARD, Adm'r.

[PETITION FOR REMOVAL OF ADMINISTRATOR.]

1. *Administrator ; removal of, cause for.*—An administrator, who fails to make and return an inventory of the estate, which he represents, as required by law, is subject to removal for such failure.
2. *Same.*—An administrator who fails to collect the debts of the estate he represents, as they become due, or collects the same in illegal and worthless funds, [is guilty of a *devastavit*, and is subject to removal for the same, unless a sufficient excuse is shown for such failure.

APPEAL from Russell Probate Court.
Tried before Hon. J. F. WADDELL.

PETITION of Ann Oglesby, George Oglesby, her husband, and Ella Strong and Rufus Strong, minors, by next friend, George W. Oglesby, to the probate court of Russell county, to remove R. O. Howard from the administration of the estate of William L. Berry, deceased, of whose estate

petitioners were sole distributees. On hearing the proof, the court "adjudged and decreed that the facts set forth in said petition are not sustained by the proof, and that said petition be dismissed." The court further ordered that said administrator be required to file his final settlement of said estate, to be heard at the October term of the court.

The appellants excepted to each of said rulings, orders and decrees, and here assign the same as error. The other facts necessary to an understanding of the case, are sufficiently stated in the opinion of the court.

RICE, and HOOPER, for appellant.
No counsel appeared for appellee.

[No briefs came into the hands of the reporter.]

PETERS, J.—Ann Oglesby and her husband, George Oglesby, who are of age, and Ella Strong and Rufus Strong, who are minors, and sue by their next friend, George Oglesby, instituted proceedings, by petition, in the probate court of Russell county, in this State, for the removal of R. C. Howard, as the administrator of the estate of W. L. Berry, deceased. The petition was filed on the 4th day of July, in 1867. Seven causes are assigned as the reasons for such removal :

1. That said administrator had failed to make and return inventories of said estate. 2. That he had failed to make settlements as required by law. 3. That he had wasted said estate. 4. That he had maladministered said estate, in this, that he had failed to charge himself with large amounts of assets and moneys of said estate, which came into his hands. 5. That he had maladministered said estate, in this, that he had failed to collect and take into his possession assets and moneys of said estate, which he could have done. 6. That he maladministered said estate, in this, that he made or caused to be made an illegal and erroneous settlement of the estate of William L. Berry, on his final accounting as guardian, whereby the estate of

10

William L. Berry, deceased, lost many thousand dollars, and this loss said Howard could have prevented, but intentionally allowed for his private benefit. 7. That said administrator had maladministered said estate, in this, that he had made an illegal settlement of the estate of .William L. Berry, deceased, on an accounting as such administrator, whereby the said estate of said Berry had lost every dollar and come in debt to said Howard, and in this settlement the guardian credits himself by many items paid by him in Confederate notes, as if it had been good and lawful money, and this for his own private benefit.

Howard appeared, by his attorney, and demurred to the petition ; the demurrer was overruled by the court, and thereupon Howard joined issue on the petition.

After this was done, the court issued a *subpœna duces tecum* to Howard to appear in court and produce certain books and papers, which are copied into the bill of exceptions ; Howard was also examined as a witness by the court. From the documents produced on the *subpœna duces tecum*, and from the evidence of Howard himself, it appears that he had been appointed administrator of the estate of said Berry, on the 25th day of November, in 1863 ; that he made but one annual settlement of said estate in 1866, and that he never made and returned any inventory of said estate whatever. It also appears that Howard had been the guardian of Berry before his death ; that Berry left, among other property at his death, eighteen or nineteen slaves, which were valued by the appraisers at $31,300. Howard testifies that Berry would have come of age in 1860, but died before he reached that date. The slaves were not divided among the next of kin of Berry until March, 1865. There was then some several years of hire of slaves, which must have amounted to several thousand dollars, and which the administrator should have returned in his inventory of the decedent's estate ; and with which he should have been charged as such administrator, and for which he is liable to account, unless he can show some sufficient excuse. It also appears from the bill of exceptions, that the decedent's estate consisted in considerable amounts of other funds, called

Oglesby et al. v. Howard, Adm'r.

" money" in the testimony, and which was vested in " bonds " of the so-called " Confederate States of America ;" but there does not appear any order or judgment of court authorizing this investment. And, beside these, there were many other irregularities in the management and conduct of said estate by said administrator, which cannot be sanctioned by law, without further explanation.

The failure to make and return an inventory of the estate of said Berry, deceased, by the administrator, as required by law, was a violation of his duty, for which the administrator was liable to be removed. The failure to collect the hire of the slaves, from the death of Berry until their distribution, when there was hire earned and it was capable of collection, or the investment, after collection of the money thus obtained, without a proper order or judgment of some court having jurisdiction of the matter, in Confederate treasury notes, which proved to be worthless, was a devastavit.

For both of these causes, unexplained as they are, the court erred in its judgment refusing to remove the administrator, as asked for in the petition below.—Rev. Code, § 2017, 2047, 2048, 2049 ; *DeJarnette v. DeJarnette,* January term, 1868 ; *Lane v. Mickle, guardian,* present term, 1869.

The judgment of the probate court is, therefore, reversed and the cause is remanded for a new trial.