## HUBBARD, Adm'r, *vs.* SMITH et al.

[APPLICATION FOR REMOVAL OF ADMINISTRATOR.]

1. *Administrator, application for removal of; when not demurrable.*—An application in writing for the removal of an administrator, made to the proper court by minor distributees, verified by their next friend, and specifying a statutory ground of removal, is not demurrable.

2. *Administrator; what not sufficient cause for removal of.*—An administrator ought not to be removed for a mere omission to file an inventory, and to make an annual settlement, when he had not been cited to do so, and the proof shows there has been no negligent or willful default on his part, and no detriment to the estate.

APPEAL from Probate Court of Pike.
Tried before Hon. WILLIS C. WOOD.

THIS was an application of the minor heirs of one Smith, by their next friend, for the removal of the appellant as administrator *de bonis non* of the estate of said Smith, on the ground, among others, that he had never filed an inventory of the assets and property of said estate which had come into his hands, although eighteen months have elapsed since his appointment; and that he had failed to make any settlement of said administration, as required

by law.  The petition was sworn to by the next friend.

The administrator moved the court to dismiss the petition—

1st, Because the petition fails to show that the petitioner has the right to bring this action.

2d, Because " a next friend " can not bring this action.

3d, Because the petition is not verified by oath, as required by law.

The court overruled this motion, and defendant excepted.

The administrator then demurred to the petition —

1st, Because the petition is multifarious, alleging more grounds than one for removal.

2d, Because the failure to make final settlement after eighteen months from grant of administration is no cause for removal.

3d, And to that part of petition which avers that defendant wholly failed to make out an inventory of decedent's estate, &c.; because, as such administrator *de bonis non*, he was not required to inventory the assets of said estate which had been decreed him as such administrator; and because the petition fails to allege that any other property than the assets decreed to him have come into his hands.

4th, Because it fails to show that the infants in whose behalf the proceedings were instituted had no legal guardian.

5th, Because the petition does not allege that injury or loss has resulted to the estate from the failure to make settlement or file an inventory.

The court overruled the demurrer, and defendant excepted.

Upon the hearing of the evidence introduced by the parties, the court made an order removing the administrator, and revoked his letters of administration.  The material facts upon which the court below based its action, are so fully stated in the opinion as to make it needless to repeat them here.

The errors assigned are—

1st, Overruling motion to dismiss petition.

2d, Overruling the demurrer to petition.

3d, In the decree removing the administrator.

JOHN P. HUBBARD, *pro se.*

R. E. WOOD, and JOHN D. GARDNER, *contra.*

B. F. SAFFOLD, J.—The application for the removal of the administrator was made to the court from which the letters issued, by the distributees. It was in writing, specified two of the statutory grounds for removal, and was verified by the oath of the next friend of the minor distributees.—Rev. Code, 2019, 2020, 2017. It was therefore not subject to a demurrer. If the minors had no guardian, they were obliged to resort to a next friend.

It appears from the defense of the administrator, that the estate was quite small, consisting only of about three hundred and eighty dollars in money, and a note, received from the administrator-in-chief. He had sued on the note, and filed a bill to foreclose a mortgage given to secure its payment, and was proceeding with as much diligence as he could to collect it. In addition to this, he had never been cited by the court to make any settlement; but, on the contrary, the grand-mother of the children and their uncle, who had charge of them, and who is their next friend, had urged him to continue in the administration, and to conclude it with as little expense as possible. He ought to have filed an inventory, as any other administrator is required to do, and to have made annual settlements. But his mere omission to do so, under the evidence, was not sufficient to justify his removal.

The judgment is reversed, and the cause remanded.