## HIGHTOWER ET UX. *vs.* MOORE.

[APPLICATION FOR REMOVAL OF ADMINISTRATOR.]

1. *Failure to make settlement; when not good ground for removal of administrator.*—An administrator ought not to be removed for merely failing to make regular settlements, when no damage to the estate is shown, and he has not been required to do so, by either the court or those interested.

2. *Receipt of Confederate currency by administrator; when no ground of removal.*—It is no ground for removing an administrator now, that in 1864 he received Confederate currency in payment for property of the estate sold by him.

APPEAL from Probate Court of Russell.
Tried before Hon. T. L. APPLEBY.

THIS was an appeal by Hightower and wife from the or-

der of the probate court dismissing their petition filed on the 10th day of July, 1869, for the removal of appellee as administrator of the estate of Matthew Matthews, deceased, Hightower's wife being an heir of said decedent.

The grounds alleged are—

1st. That the administrator has not made any settlement since December, 1865.

2d. That he has failed to make settlements.

3d. That he had sold property of the estate and taken Confederate money in payment therefor.

On the hearing of the application, the appellee introduced in evidence all the records of the probate court in relation to his administration of said estate. From these records it appears that appellee was appointed administrator in April, 1864. The slaves belonging to the estate were distributed among the distributees in September, 1864. In the same year an order was made, on the application of the administrator, for the sale of certain personal property of the estate, and also certain real estate, for the purpose of a division, &c. On the 9th of December, 1864, he reported the sale, &c., to the probate court, and on the 15th of the same month the court set aside the sale, so far as part of the real estate was concerned, and directed another sale. Both the land and personal property were sold for Confederate currency. On the 9th of January, 1865, the administrator made another sale, and reported the same to the court. This sale, with the exception of small portions of the real estate, was confirmed, &c., and as to said land, a re-sale was ordered.

Appellee's having filed his accounts and vouchers for an annual settlement, the same were passed and allowed, at the February term, 1865, and decrees rendered against him in favor of the respective distributees. These decrees the administrator satisfied.

In December, 1865, appellee filed his accounts and vouchers for a final settlement and a day was set to hear the same, but the record is silent as to what was done in the matter. At the May term, 1866, it appears that the court passed and allowed the accounts and vouchers filed by the

administrator for an annual settlement, and it appeared that the estate was indebted to the administrator in a small amount.

It also appears that on the 30th day of January, 1865, the administrator re-sold certain lands of the estate under the order heretofore referred to, and filed his report of the sale. This sale seems to have been confirmed in February, 1865, although the record does not set forth the order; for in March, 1866, certain distributees petitioned the court for "a new trial of the order heretofore granted confirming the sale," &c., at the February term, 1865. At the August term, 1866, the court being "fully satisfied that the administrator acted in good faith, and that the land did not sell for an amount disproportionate to its value," dismissed the petition, &c.

No citation was ever issued to the administrator requiring him to file his accounts, &c., for settlement.

It was admitted that the administrator had made no settlement of the estate in three years and a half. It was also admitted that the administrator would swear, if present, that he had regularly complied with the requirements of the law and the court, and that he would have made annual settlement each year, if he had not been excused by the court in consequence of an application to compel him to give a new bond, &c. The records, however, did not show any order excusing him, and the probate judge's statement being taken as evidence, by consent, he stated that he had never excused the administrator from making settlement.

This was substantially all the evidence on the hearing. Upon it the court dismissed the petition.

G. D. & G. W. HOOPER, for appellant.
WILSON WILLIAMS, contra.

(No briefs came into Reporter's hands.)

B. F. SAFFOLD, J.—The appellants petitioned the probate court for the removal of the appellee from the administration of the estate of Matthew Matthews, deceased.

They alleged, as grounds of removal—1st. That he had not made any settlement since December, 1865. 2d. That he had failed to make settlements. 3d. That he had sold property of the estate and taken Confederate currency in payment. On the hearing, the court dismissed the application.

The last cause of removal alleged by the petition in 1869 can not be regarded as sufficient, inasmuch as the acts complained of were done four years before, and can not be repeated. Besides, the time when they were done, and the attendant circumstances, do not admit of the inference that the administrator was inefficient or disposed to waste the property.

There appears to have been a settlement of the estate in 1865, at which decrees were rendered in favor of the distributees against the administrator, and were satisfied by him. The estate seems to have been fully administered, though perhaps not entirely distributed. The administrator has been negligent about making his settlements, but there has not been much to do since his last settlement, and he has not been required to make settlements by either the court or the distributees. The record shows that in December, 1865, he filed his accounts for a final settlement, and that a day was appointed to hear it, but it does not show what was done in the matter.

The statement of what the administrator would swear, if present, admitted as evidence by counsel, tended to prove a reason why he had not made regular settlements, but it was contradicted by the evidence of the probate judge himself, and of course had no influence in his decree.

We do not think sufficient ground for the removal was shown.

The decree is affirmed.