# Killam's Heirs *v.* Costley, Administrator.

*Petition for Removal of Administrator.*

1. *Administrator ; cause for removal of.* — The payment by an administrator of his own debt out of the funds of the estate is a breach of trust, for which he may be removed.

2. *Same ; when should not be removed.* — Where, however, the interest of those concerned in the estate has not been imperilled by the amount used, which was small in comparison with the funds remaining in the administrator's hands, and no improper or dishonest motives can be imputed to him, he should not be removed.

APPEAL from Chambers Probate Court.
The facts are stated in the opinion.

W. H. DENSON, for appellant.

J. J. ROBINSON, *contra.*

BRICKELL, C. J. — This was an application to remove the appellee from the administration of the estate of James W. Killam, deceased. The application is very vague and uncertain in its averments, but without objection to it a hearing

was had on the evidence offered in its support, and in defence. The only act of maladministration, which the evidence tended to prove, was the application of one hundred and eighty-six dollars of the proceeds of the sales of real estate, made by the administrator, and reported to the court of probate, to the payment of his individual debt. The aggregate amount of the sales was nine hundred and twelve dollars, and was received by the administrator a few weeks before the application for his removal. The solvency of the administrator, and the sufficiency of the sureties on his bond, were not disputed.

The payment of his individual debt, with the moneys in his hands to be administered, was certainly a breach of the trust, and a violation of the duty imposed by law on the administrator. Thereby he rendered himself and the sureties on his official bond chargeable to creditors, if any, of the intestate, and to the distributees, to the extent of the indebtedness extinguished, or the amount of money used. The creditor receiving it from him, with knowledge that it was trust funds, became also chargeable as participating in the *devastavit*. This is true, without regard to the magnitude or insignificance of the trust fund so misapplied. Such use of the funds in his hands is maladministration, and if it imperils the interest of the *cestui que trust* (the creditors or next of kin of the intestate), or is accompanied by circumstances indicative of a dishonest, selfish, or improper motive on the part of the administrator, would not only justify, but demand his removal from the trust. When, however, the amount of the trust fund so employed is small, when compared with the aggregate value of the trust estate in the hands of the administrator, and the interests of the *cestuis que trust* are not imperilled, and no improper motive can be attributed to the administrator, it would be harsh in the extreme, and not necessary to the redress of injury, to remove him from the administration because of such use. No injury can result to those having interests in the administration, because of the application the administrator has made of the funds in this case. These do not appear to be creditors, thereby delayed in the payment of their debts. The distributees have not been deferred in the settlement of the estate, and the ascertainment and collection of their respective shares. If the administrator had retained the moneys he so applied, and not commingled them with his own funds, they would have lost interest thereon until a settlement was made ; and on the settlement, the administrator would have been charged with the money. The bond of himself and sureties would be the only security of the distributees for the payment to them of the moneys. The evidence that the administrator had received and is chargeable with the moneys would

[Ex parte Harris.]

not have been more complete or conclusive than it now is — indeed it would have been the same — his report that he had received the money. While a trustee should not be encouraged in such a misapplication of trust funds, and thereby places himself in an attitude not invoking the favorable consideration of the court, it should not be made a cause of removal, when the interests of creditors or distributees are not endangered, nor their just rights delayed, and it is unattended with any circumstance indicating an improper intent on the part of the administrator. It is not every technical maladministration, or *devastavit*, that will authorize the removal of an administrator. It must be a *devastavit* involving actual, or the reasonable apprehension of injury, or attended with circumstances indicative of fraud.

The failure to make and return an inventory is one of the specific grounds for removal expressed in the statute. Yet in the case of *Hubbard* v. *Smith* (45 Ala. 516) it was held that when the failure to file an inventory was not wilful, and no detriment had ensued to the estate, it was not cause of removal. We regard that decision as supporting the principle we have announced. The judgment of the court of probate was in accordance with this opinion, and is affirmed.