# Arnold *v.* Cofer, *et al.*

## *Trial of Right of Property.*

1. *Appeal from justice court; conflict between transcript from justice court and bill of exceptions.*—A recital in a bill of exceptions that judgment was rendered in the justice court in favor of plaintiff will be treated as a clerical misprision, where the record proper shows that the judgment in the justice court was in favor of the claimant, and that plaintiff took the appeal to the circuit court.

2. *Evidence; objection to several papers, when not considered.* Where but one objection is made to several papers offered in evidence, and one of such papers is relevant and competent evidence, this court will not reverse because one of the other papers may have been subject to objection.

3. *Trial of right of property; evidence; possession; title to real estate.*—Where plaintiff, in a trial of a right of property, offered evidence to show that the property, when levied on, was on premises occupied by defendant, claimant (defendant's wife) will not be allowed to show by parol that the title to said premises was in her.

4. *Evidence; conclusion; undisclosed intention of witness.*—One witness who had testified on direct examination that he bought a cow, cannot be asked on cross-examination for whom he bought the cow, as it calls for a conclusion of the witness, embracing a secret or undisclosed intention at the time of the purchase.

[Arnold v. Cofer *et al.*]

5. *Same; trial of right of property; tax assessments.*—In the trial of right of property to property levied on as the husband's, which is claimed by the wife, tax assessments showing that the husband had given in the property as his and in his own name are admissible, not as evidence of title against the wife, but in order to contradict the testimony of the husband that the property levied on belonged to his wife.

6. *Same; copy of receipted bill.*—On the trial of right of property, a copy of a receipted bill for part of the property in controversy, dated after the date of the levy of the attachment, is not almissible in evidence for claimant.

7. *Same; evidence as to defendant's means.*—In a statutory claim suit evidence is relevant and competent for plaintiff as to money received by defendant on a judgment and from an estate since his marriage to claimant. (DOWDELL, J., *dissenting.*)

8. *Appeal; giving of argumentative charge, when not reversible error.*—The giving of a charge which is argumentative or calls for an explanatory charge is not reversible error.

9. *Argumentative charges properly refused.*—It is not error to refuse a charge which is argumentative.

10. *Trial of right of property; judgment.*—On the trial of a statutory claim suit, if the issue is found against the claimant, it is error to render judgment against the obligors on the claim bond; the proper judgment being that the property levied on is subject to the levy and is condemned to the satisfaction of the judgment.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. OSCEOLA KYLE.

Statutory trial of right of property to property levied on under attachment issued at the suit of appellees, W. T. L. Cofer and another, against one P. B. Arnold. The property levied on was claimed by defendant's wife, Annie J. Arnold, affidavit and bond being given. The suit was begun in the justice court.

On the trial in the circuit court, on appeal, certain rulings were made upon the admissibility of evidence, which are sufficiently shown by the opinion.

The court gave the following charge at plaintiffs' request: "The court charges the jury that they may look to the assessment of P. B. Arnold of the property described in this suit in connection with all the other evidence to determine whose property it was when levied upon in June, 1899."

[Arnold v. Cofer *et al.*]

The court refused the following charge asked by claimant: "The court charges the jury that possession of personal property is *prima facie* evidence of title, and that the jury may look to the fact (if it be a fact) that at the time of the levy of the attachment, claimant was living in her own house, and that said piano and stove were in her house, and cow and yearling on the premises, to determine in whose possession they were."

There were verdict and judgment for the plaintiffs, and the claimant appeals.

BROWN & CURTIS and R. L. HIPP, for appellant.—The original attachment suit could not be tried until the claim suit was settled.—*Abraham v. Nicrosi,* 87 Ala. 178; *Cofer v. Reinschmidt,* 121 Ala. 252; 25 So. Rep. 769.

The affidavit for attachment was not admissible in evidence.—*Dollins v. Pollock,* 89 Ala. 361; *Talliaferro v. Lane,* 23 Ala. 376.

The tax assessment was not admissible in evidence. Code of 1896, § 2942; *Jones v. Pelham,* 84 Ala. 210; *McIntosh v. Parker,* 82 Ala. 238; *Thomason v. Silvey,* 123 Ala. 694; 26 So. Rep. 644.

The judgment was erroneous.—*Seisel v. Folmar,* 103 Ala. 496; *Gray v. Rayburn,* 53 Ala. 40; *Seamans v. White,* 8 Ala. 656; *Tobias v. Triest,* 103 Ala. 664; *Roberts v. Burgess,* 85 Ala. 195; *Meyers v. Conway,* 90 Ala. 109; *Parker v. Wimberly,* 78 Ala. 64.

W. T. L. COFER, *contra.*—No brief came to the hands of the Reporter.

DOWDELL, J.—This is a claim suit for the trial of the right of property levied on under a writ of attachment. The suit originated in the justice court, where an attachment was sued out for the collection of rent. On the trial in the justice court a judgment was rendered in favor of the claimant, from which the plaintiff appealed to the circuit court. The justice sent up the original papers and a certified transcript of the proceedings in the cause. This was a compliance with the

statute.   In the circuit court the claim suit was tried in the usual manner on issue made up under the direc-. tion of the court.   The bill of exceptions recites that judgment was rendered in the justice court in the original suit in favor of the plaintiff.   The record proper, however, shows that the judgment in the justice court was in favor of claimant and against the plaintiff, and that the plaintiff appealed from this judgment to the circuit court.   The recital, therefore, in the bill of exceptions is clearly a clerical misprision.

On the trial in the circuit court, the bill of exceptions recites, that "plaintiff offered in evidence attachment, bond and affidavit in justice court, made on May 26th, 1899, in due form," etc. "Claimant objected to the same, because illegal, irrelevant, and immaterial.   The court overruled the objection, and claimant excepted."   It is here urged that the court erred in admitting in evidence the affidavit over the claimant's objection, citing *Dollins & Adams v. Pollock & Co.*, 89 Ala. 361.   The objection, however, was general as to all of the papers offered, and the attachment writ, showing the levy, was certainly relevant and competent, and the court on a general objection was not required to separate the illegal from the legal evidence.   There was no reversible error in this ruling.

The plaintiff was permitted to show by the officer making the levy, that the property levied on, was at the time of the levy on the premises occupied by the defendant, and the purpose was to make a *prima facie* case by showing possession in defendant.   The claimant, who was the wife of the defendant, sought to show in rebuttal of this, by parol that the title of the premises on which the property levied on was found, was in her.   This she could not do by parol evidence, and the court committed no error in sustaining the plaintiff's objection.

The defendant in attachment was examined as a witness on behalf of the claimant.   On his cross-examination, he testified that he bought the cow levied on.   On the re-direct examination, the claimant asked the witness "for whom the cow attached was bought."   On objection of the plaintiff, the witness was not permitted

to answer the question. The question called for a conclusion of the witness, which embraced a secret or undiscovered intention at the time of the purchase of the cow, and there was no error in sustaining the objection.

There was no error in admitting in evidence the tax assessments showing that the husband had given in the property as his and in his own name. While it was not evidence of title as against the wife, it was competent evidence as contradicting the testimony of the husband, who was examined as a witness in behalf of the wife and testified that the property in question was his wife's. It certainly tended to weaken the probative force of his testimony.

There was no error in sustaining plaintiff's objection to introduction in evidence of a copy of what purported to be a receipted bill for the range. This bill was dated July 6th, 1899, which was after the date of the levy of the attachment, and if it showed anything, it showed payment for the range after plaintiff's lien had attached.

The writer fails to see the relevancy or materiality of the evidence as to what money the defendant may have received from some estate or on some judgment since his marriage with the claimant. The majority of the court, however, are of the opinion that the evidence was relevant and competent, and, therefore, properly admitted.

The charge given at the request of the plaintiff was argumentative, and may have been such as to have called for an explanatory charge on behalf of claimant, and for these reasons might have been properly refused; but neither of the objections mentioned is sufficient to constitute reversible error in the giving of the charge.

The charge refused to the claimant was argumentative, and for that reason, if no other, the court was justified in refusing it.

It was error to render judgment against the obligors on the claim bond. "Upon the trial of right of property levied on by attachment, if the issue be found against the claimant, the appropriate judgment is a condemnation of the property; that it is subject to the levy of the at-

tachment, and is condemned to the satisfaction of the judgment which has been or may be rendered."—*Scisel v. Folmar & Sons*, 103 Ala. 491. The error, however, is not such as to require a reversal of the judgment, since it may be here corrected.

The judgment will be here corrected, and as corrected, will be affirmed.