# Union Painless Dentists *v.* Dement.

### *Damages in Rendering Professional Service.*

(Decided December 19, 1912.  60 South. 421.)

1. *Evidence; Opinion Evidence.*—Where the action was against a dentist for damages for injuries in extracting a tooth, the ultimate issue for the jury was whether or not due care and skill in the dental treatment was exercised, and hence, a witness cannot state whether he exercised such due care and skill in his dental treatment.

2. *Charge of Court; Damages.*—In an action against a dentist for damages for unskilled treatment, a charge asserting that if the plaintiff negligently failed to return for treatment according to directions, she was guilty of contributory negligence, and if it resulted in injury, there could be no recovery, precluded a recovery for injuries not aggravated by contributory negligence, and hence, was properly refused.

3. *Same; Covered by Those Given.*—Where the charges refused were covered by those given, their refusal was harmless.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Emma Dement against the Union Painless Dentists, a partnership, for damages for extracting a tooth.  Judgment for plaintiff, and defendant appeals. Affirmed.

Charge 9, refused to the defendant, is as follows: "The court charges you gentlemen of the jury, that if you find from the evidence that the plaintiff was instructed to return to the office of defendant for further treatment, and that plaintiff negligently failed to return, then the plaintiff has been guilty of contributory negligence proximately resulting in her injury, and there can be no recovery in favor of the plaintiff."

J. H. McNEAL, for appellant.  The court erred in sustaining objection to the question as to whether or not

the treatment was made with due skill and care.—*Stalock v. Holm,* 111 N. W. 264, and authorities there cited; 22 Enc. of Law, 804, note 5; *Jones v. Angel,* 95 Ind. 376; *Dashiell v. Griffith,* 84 Md. 363. The court should have given the charge as to contributory negligence.— Authorities supra.

GEORGE E. BUSH, for appellee. The question invaded the province of the jury, was without the limit of expert testimony, and hence, there was no error in sustaining the objection.—*Hames v. Brownlee,* 63 Ala. 277; *L. & N. v. Landers,* 135 Ala. 511. The court properly refused the charge as to contributory negligence, since it pretermitted any other damage not caused by such negligence.

WALKER, P. J.—The question to the witness Powell, to which the plaintiff objected, in effect called for a statement by him as to whether or not he exercised due care and skill in his dental treatment of the plaintiff. That was one of the issues in the case, and was a question for the jury. The question was subject to objection as not calling for a statement of the facts by the witness, leaving the deductions or conclusions to be drawn by the jury from the facts as found by them from the evidence, but for the conclusion of the witness as to a fact in issue. The court was not in error in sustaining the objection.—*Birmingham Ry. L. & P. Co. v. Randle,* 149 Ala. 539, 43 South. 355; *Louisville & Nashville R. Co. v. Landers,* 135 Ala. 504, 33 South. 482; *Hames v. Brownlee,* 63 Ala. 277.

Under written charge 9, requested by the defendant the fact that the plaintiff's injury was aggravated or added to as a result of her negligent failure to return for further treatment was required to be given the ef-

fect of depriving her of a right to recover for the injury occasioned by the treatment she had already received, though the jury should find from the evidence that that injury was attributable to unskillfulness and negligence with which the defendant was chargeable. Besides, the refusal to give that charge could not be made a ground of reversal, as the proposition embodied in it was substantially covered by written charges 10 and 11, given at the request of the defendant.

No other question is presented for review.

Affirmed.