# B. F. Roden Grocery Co. *v.* Gipson.

## *Assumpsit.*

(Decided May 1, 1913.   62 South. 388.)

1. *Sales; Remedy of Vendee; Recoupment; Breach of Warranty; Return of Goods.*—Where a vendee, on being sued for the price, recoups for damages for the breach of a warranty, he need not return nor tender the goods.

2. *Same; Breach of Warranty; Pleading.*—Where the plea alleges that the note sued on was for part of the price of an automobile sold to defendant by plaintiff for $1,400.00, of which $700.00 had been paid, and that at the time of the sale, plaintiff made certain warranties to the defendant, and that the warranty had been breached, and defendant thereby damaged in the sum of $1,400.00, which he offers to set off or recoup against plaintiff, asking judgment for the excess, was not demurrable as failing to show damages from the breach of the warranty alleged.

3. *Pleading; Counter Claim; Designation.*—As the designation is immaterial, a plea of counter claim was not demurrable for offering "to set off or recoup."

4. *Witnesses; Trial; Order of Evidence; Cross-Examination; Discretion.*—Where a buyer of an automobile defended the claim for the price by setting up breach of warranty, the action of the court in excluding a question propounded to him on the recross "what will you take for the car today?" was not an abuse of the discretion of the court in controlling the order of introduction of evidence, and limiting cross-examination, even if it be conceded that the question was pertinent on cross-examination to test the witness' sincerity.

5. *Appeal and Error; Harmless Error; Favorable Answer.*—Where the answer to the question was favorable to appellant he cannot complain that the question was permitted.

6. *Evidence; Conclusion.*—As to whether a man of the experience shown could take an automobile apart and put it together without disarranging it, were conclusions which were for the jury to draw from the evidence.

7. *Same; Action for Price.*—Where the action was for the price of an automobile, and the defense was a breach of warranty, evidence as to whether complaint had been made of another car sold by plaintiff to another person was irrelevant.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

[B. F. Roden Grocery Co. v. Gipson.]

Assumpsit by the B. F. Roden Grocery Company against H. P. Gipson. Judgment for defendant, and plaintiff appeals. Affirmed.

The amended third plea is as follows: "Defendant says that the note sued on was executed as a part of the purchase price for an automobile bought from plaintiff for the sum of $1,400, of which $700 has been paid, and it says that at the time of buying said automobile the plaintiff represented and warranted to defendant that said automobile would climb a 30 per cent. grade, and that it would climb with its load any of the hills along the public roads of Walker county, Ala. Defendant resided in Walker county, Ala., and bought said automobile for his personal use along the public roads in said county, and defendant says that said automobile would not climb a 30 per cent. grade and would not climb many of the hills along said public road of Walker county, and that by reason of the failure of said automobile to climb the hills on the public roads of Walker county, Ala., as warranted, defendant was prevented from using said automobile along the public roads of Walker county, Ala., and that said automobile by reason thereof was of little or no value to defendant. Defendant says that by reason of the facts stated the warranty made by plaintiff to defendant has been breached and defendant thereby damaged in the sum of $1,400, which he hereby offers to set off or recoup against the plaintiff, and claims judgment for the excess." The fifth assignment of error is that the court erred in overruling plaintiff's objection to the following question propounded to the defendant: "Have you ever been over the same road in other cars?" The sixth assignment sustaining defendant's objection to the following question: "Mr. Bivens, I will ask you to tell the jury whether or not a man of the experience testified

to by Mr. Gipson could take that car apart and put it back properly without having it disarranged, so the car would not do the work properly." Seventh assignment, sustaining defendant's objection to the following question: "State whether or not a man with the experience of defendant, and with the experience that he states he has, could take that car down and put it up without putting it in such shape as would disarrange it so that it would not do the work entirely."

THOMPSON & THOMPSON, and D. A. McGREGOR, for appellant. The established rule in the construction of pleadings is to construe them most strongly against the pleader; therefore, a plea admitting of two constructions will receive that construction which is the least favorable to the pleader.—*Lacy v. Holbrook, et al.*, 4 Ala. 88; *Ware v. Dudley*, 16 Ala. 742; *Crawford v. Ingram*, 157 Ala. 314; *Scott v. Rawls*, 159 Ala. 399; *Sheppard v. Dowling*, 103 Ala. 563. When a plea contains two or more statements of facts in the alternative; if either alternative is bad, then the entire plea is bad, for the plea in its entirety, can be no stronger than its weakest point.—*B. R. L. & P. Co. v. Demis*, 57 South. 404 (408). A plea in bar alleging a breach of warranty in the contract of sale is fatally defective on demurrer. —*Dalton v. Bunn*, 137 Ala. 175; *East. Gran. Roof. Co. v. Chapman*, 140 Ala. 440; *Gibboney v. Wayne*, 141 Ala. 300; *Bessemer Ice Del. Co. v. Brannen*, 138 Ala. 157; *Sheppard v. Dowling*, 103 Ala. 563. To entitle a defendant to avoid the payment of the purchase price entirely upon the grounds of fraud or breach of warranty where he holds on to the property, it is not sufficient to allege that the property is valueless for the purpose for which it was bought, or valueless to the defendant, but it must be alleged that the property is intrinsically of

no value.—*East Gran. Roof. Co. v. Chapman,* 140 Ala. 440; *Jemison v. Woodruff,* 34 Ala. 143; *Pacific Guano v. Mullen,* 66 Ala. 582; *Young v. Arntze,* 86 Ala. 116; *Gibboney v. Wayne,* 141 Ala. 300. In an action to recover the purchase price of property, a plea setting up false representations made by plaintiff in the sale to the defendant, and seeking to recoup damages alleged to have been sustained by reason of such misrepresentations, and failing to aver a return or an offer to return the property within a reasonable time after the discovery of the alleged fraud or misrepresentations is bad on demurrer.—*Bessemer Ice Del. Co. v. Brannen,* 138 Ala. 157; *East. Gran. Roof. Co. v. Chapman,* 140 Ala. 440; *Kenebrew v. So. Automatic Shocking Mch.,* 106 Ala. 377. In a plea setting up recoupment, the mere allegation that the defendant was damaged, averring no facts out of which the alleged damages arose or resulted with no sufficient averment showing the damages claimed were the natural and proximate consequences of the acts of plaintiff, but stating the damages as a mere conclusion of the pleader is insufficient; the quo modo of damages must be averred.—*Lawton v. Ricketts,* 104 Ala. 430; *Bessemer Ice Del. Co. v. Brannen,* 138 Ala. 157. The measure of damages in the case at bar is the difference in the value of the automobile with and without the quality represented at the time and place of sale. —*Bessemer Ice Del. Co. v. Brennen,* 138 Ala. 157; 2 Mechem on Sales, Sec. 1817; *Lawton v. Ricketts,* 104 Ala. 430.

BANKHEAD & BANKHEAD, and DAVIS & FITE, for appellee. In setting up breach of warranty, it is not necessary to return the goods or offer to do so.—*Baer & Co. v. Mobile C. & M. Co.,* 159 Ala. 499; *Frith & Co. v. Holland,* 133 Ala. 586. Counsel discuss the other assign-

ments of error, and insist that they are without merit, but they cite no authority in support thereof.

WALKER, P. J.—The appellant assigns as error the action of the court in overruling its demurrer to the amended third plea. The plea, after averring that the plaintiff, at the time it sold to the defendant the automobile for the price of which the notes sued on were given, represented and warranted that it would climb a 30 per cent. grade and that it would climb with its load any of the hills along the public roads of Walker county, Ala., for the defendant's personal use along which he bought the machine, averred that said automobile would not climb a 30 per cent. grade, and would not climb many of the hills along the public roads of said Walker county, and that by reason of its failure to do so the plaintiff was prevented from using it on said public roads, in consequence whereof said automobile was of little or no value to him. The plea further averred that the defendant had paid to the plaintiff $700 on the $1,400 purchase price of said machine, and for the breach of warranty alleged claimed damages in the sum of $1,400, which it offered to set off or recoup against the demand of the plaintiff. Mention will be made of the grounds of demurrer which are sought to be supported by the argument of the counsel for the appellant: (1) The failure of the plea to aver a return or an offer by the defendant to return the automobile within a reasonable time after his discovery of the breach of the warranty did not constitute a demurrable defect in it. It is well settled that, when there is a breach of a warranty made in the sale of goods, the buyer may either rescind the sale and refuse or return the goods or accept and retain the goods and bring an action for breach of warranty, or, in an action by the vendor for

the price, recoup by way of counterclaim damages for breach of the warranty.—*Baer & Co. v. Mobile Cooperage & Box Mfg. Co.*, 159 Ala. 491, 49 South. 92; *Frith & Co. v. Hollan*, 133 Ala. 583, 32 South. 494, 91 Am. St. Rep. 54. (2) The plea was not subject to demurrer on the grounds suggesting its failure to aver facts showing that the defendant was damaged in consequence of the breach of warranty alleged. That the defendant sustained damage as the result of such breach is plainly shown by the averments as to his incurring obligations for and making payment on the machine, and in consequence of its failure in the respects mentioned, being prevented from making the use of it which the terms of the warranty itself indicate was in the contemplation of both parties to the contract of sale at the time it was entered into. (3) It is suggested in the argument that the plea was subject to demurrer because the counterclaim was made in the alternative, the offer made by the plea being "to set off or recoup," etc. No such objection was raised by the demurrer. Besides, it is entirely immaterial by what name the counterclaim is designated by the pleader.—*Lawton et al. v. Ricketts*, 104 Ala. 430, 16 South. 59. We find no error in the action of the court in overruling the demurrer to the plea referred to.

Questions calculated to elicit and which in fact elicited only testimony as to the failure of the automobile under appropriate tests to come up to the requirements of the warranty pleaded were not subject to the objections made to them, and the court was not in error in overruling such objections.

After the defendant as a witness in his own behalf had testified on direct examination, on cross-examination, on redirect examination, and on a recross-examination at some length, and after he had answered questions propounded by the plaintiff's counsel as to the

terms on which he had offered to sell the automobile
in question, he was asked by the plaintiff's counsel,
"What will you take for the car to-day?" An exception
was reserved to the action of the court in sustaining
the defendant's objection to this question. Conceding
that the question was one which without error might
have been permitted to be asked on cross-examination
for the purpose of testing the honesty or sincerity of the
witness, though his statement of the price at which he
would be willing to sell the automobile might have no
tendency to prove its market value, and so would not
furnish any legal criterion for measuring damages un-
der the plea of recoupment (*Tennessee Coal, Iron & R.
Co. v. State,* 141 Ala. 103, 37 South. 433; *Steiner Bros.
v. Tranum,* 98 Ala. 315, 13 South. 365), yet the action
of the court in not permitting the question to be an-
swered may be sustained as an exercise of its discretion
in controlling the order of the introduction of evidence
and limiting cross-examination. It is not made to ap-
pear that there was an abuse of this discretion.—*Bir-
mingham Railway, Light & Power Co. v. Martin,* 148
Ala. 8, 42 South. 618; *Tobias & Co. v. Triest & Co.,* 103
Ala. 664, 15 South. 914; *St. Louis & S. F. R. Co. v.
Phillips,* 165 Ala. 504, 51 South. 638; 38 Cyc. 1356, 1363;
Jones on Evidence, §§ 811, 826.

The appellant cannot complain of the overruling of
his objection to the question referred to in the fifth as-
signment of error, as the answer made to the question
could not possibly be regarded as unfavorable to him.

It is for the jury, not for a witness, to say what con-
clusions are to be drawn from the evidence in the case.
The questions referred to in the sixth and seventh as-
signments of error were subject to the objections made
to them, as they called, not for statements of fact proper
to be deposed to, but for deductions or conclusions of

[Roll v. Howell.]

the witness from the evidence adduced. Responsive answers to those questions would have been invasive of the exclusive province of the jury.—*Union Painless Dentists v. Dement,* 6 Ala. App. 505, 60 South. 421; *Louisville & Nashville R. Co. v. Landers,* 135 Ala. 504, 33 South. 482.

Whether or not any complaint had been made of another car sold by the plaintiff to a stranger to this suit was an inquiry having no possible relevancy or pertinency to any issue in this case, and evidence in reference to that matter was properly excluded.

There was evidence tending to support the plea setting up a breach of warranty, and to justify a conclusion that the damages sustained by the defendant as a result of the breach amounted to as much as the unpaid balance on the notes sued on. We find no merit in the complaints made against the refusal of the court to give the general affirmative charge requested by the plaintiff, and to grant its motion for a new trial.

Affirmed.