`` (82 South. 168)

WILLOUGHBY et al. v. WILLOUGHBY.
(1 Div. 84.)

(Supreme Court of Alabama.  May 15, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⊙⟳17(3) —RIGHT OF WIDOW TO ADMINISTER ESTATE —ADVERSE CLAIMS.

Under Code 1907, § 2520, the widow is the first person entitled to administer her husband's estate, though she have an adverse interest in the estate or claims a right superior to his next of kin.

2. EXECUTORS AND ADMINISTRATORS ⊙⟳35(1) —REMOVAL—FAILURE TO FILE INVENTORY.

Under Code 1907, § 2566, and in view of Laws 1919, No. 37, held that the failure of administratrix to file an inventory within the time prescribed is not ground for removal, where there is no loss, and the failure is due to inadvertence.

3. EVIDENCE ⊙⟳471(3)—CONCLUSIONS.

Testimony by an administratrix that the inventory filed included all of the property of deceased that she had in hand, or that she then knew or could then recollect, and that she had not disposed of any of the property of the estate and had the same in her possession subject to distribution, is not incompetent as being a statement of opinion or conclusion.

4. EXECUTORS AND ADMINISTRATORS ⊙⟳35(15) —PROCEEDINGS FOR REMOVAL—EVIDENCE.

On petition for removal of the administratrix, the widow of the deceased, her testimony that she kept her jewelry in his safety deposit box, and that a diamond in question was a gift from him, was admissible to show her good faith in removing it with other jewelry from the box.

Appeal from Probate Court, Mobile County; Price William, Judge.

Petition by Alonzo L. Willoughby and others for the removal of Jennie U. Willoughby, as administratrix. From an order denying the petition, petitioners appeal. Affirmed.

Rich & Hamilton, of Mobile, for appellants. Smiths, Young & Leigh, of Mobile, for appellee.

THOMAS, J. This is a petition for removal of administratrix under the statute, and from the order or decree declining the same, the appeal is taken.

[1] The granting of letters of administration on estates of decedents is embraced in article 2 of the Code. By section 2520 thereof it is declared that—

"Administration of an intestate's estate must be granted to some one of the persons herein named, if willing to accept, and fit to serve, in the following order: 1. The husband or widow. 2. The next of kin entitled to share in the distribution of the estate. 3. The largest creditor of the intestate residing within this state.  4. Such other person as the judge of probate may appoint."

The right of the widow to letters of administration on the deceased husband's estate over the other classes of persons enumerated in the statute has been the subject of discussion by this court. Dunham v. Roberts, 27 Ala. 701; Williams v. McConico, 27 Ala. 572; Curtis v. Williams, 33 Ala. 570. It is admitted that Mrs. Jennie U. Willoughby is the widow of Charles D. Willoughby, deceased, and under the statute she was the first person entitled to administer her husband's estate, unless disqualified as provided by the statute. Crommelin v. Raoull, 169 Ala. 413, 53 South. 745; Nichols v. Smith, 186 Ala. 587, 589, 65 South. 30. Even though she had an adverse interest in the estate, or claimed to have a right superior or antagonistic to decedent's next of kin, such claims did not disqualify her from acting as administratrix, or subordinate her superior claim to administer the estate to that of petitioners, the brothers, the heirs, and next of kin of decedent. Williams v. McConico, supra; Kidd et al. v. Bates, 120 Ala. 79, 23 South. 735, 41 L. R. A. 154, 74 Am. St. Rep. 17.

[2] The amended petition for removal of the administratrix omitted the charge of appellee's claim of interest in the estate, and alleged as ground therefor the failure to file the inventory required by statute. Petitioners concede that the inventory was not filed "within two months after grant of letters of administration." In reply to this, however, they say that the mere failure to file such inventory within the time prescribed by the statute is "not a sufficient cause for removal"; that is, if inadvertently omitted. In this they find support in Killam's Heirs v. Costley, Adm'r, 52 Ala. 85, 87, where Mr. Chief Justice Brickell says:

"The failure to make and return an inventory is one of the specific grounds for removal expressed in the statute. Yet in the case of Hubbard v. Smith, 45 Ala. 516, it was held that when the failure to file an inventory was not willful, and no detriment had ensued to the estate, it was not cause of removal. We regard that decision as supporting the principle we have announced."

In Hubbard v. Smith et al., supra, the observation is made that the administrator "ought to have filed an inventory, as any other administrator is required to do, and to have made annual settlements. But his mere omission to do so, under the evidence, was not sufficient to justify his removal." Analogous authority is Hightower v. Moore, 46 Ala. 466, where it was held that an administrator ought not to be removed for merely failing to make regular settlements, and no damage to the estate is shown, and he has not been required to do so by either the court or those interested.

The causes for removal of an administrator and revocation of his letters are as follows:

"1. Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties [or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate. General Laws, Reg. Sess. 1919, No. 37]. 2. Failure to make and return inventories or accounts of sales; failure to make settlements as required by law; or the failure to do any act as such executor or administrator, when lawfully required by the judge of probate. 3. The wasting, embezzlement, or any other maladministration of the estate. 4. The using of any of the funds of the estate for his own benefit." Code 1907, § 2566.

Subsection 2 of this statute is contained in preceding Codes—1896, § 92; 1886, § 2045; 1876, § 2386; 1867, § 2017; 1852, § 1696—without change. In each one the words "administrator or executor may be removed and his letters revoked for any of the following causes" are as we have set out. Thus did the statute find its place in the present Code, with the construction or interpretation placed by this court on the words "failure to make and return inventories or accounts of sales." Crommelin v. Raoull, et al., supra; Oglesby v. Howard, 43 Ala. 144; Hubbard v. Smith, supra; Hightower v. Moore, supra.

In Oglesby v. Howard, supra, the petition for removal was dated July 4, 1867, and the appointment of said administrator was of date November 25, 1863. From the evidence, it appeared that the administrator made one annual settlement in 1866; had never made return or inventory of said estate; that much of the funds of the estate was of "money" which said administrator had invested in "bonds" of the "Confederate States of America," without an order or judgment of the court authorizing him to so invest the moneys of the estate. The justice observed that, "Beside these, there were many other irregularities in the management and conduct of said estate by said administrator, which cannot be sanctioned by law, without further explanation," and that the failure to make and return an inventory as required by law, the failure to collect the hire of the slaves when it was earned and capable of collection, or the investment after the collection of the money thus obtained, without a proper order or judgment of some court, was a violation of the administerial duty and a devastavit; and for "both of these causes, unexplained as they are," the probate court was held to have erred in its judgment refusing to remove the administrator as prayed in the petition.

It is noted the Oglesby Case finds no parallel in the facts presented by the present record. Mrs. Willoughby, as a witness in her own behalf, made a fair and full disclosure of her administration of the effects of the estate, showed that her failure to file the inventory within the time prescribed by statute (Code, §§ 2579, 2581, 2583), was not due to

fraud or willful wrong, but as a mere inadvertence on her part. It is manifest that the property belonging to the estate is in her possession and is subject to distribution, on final settlement, among those entitled according to law. Nothing has been lost to the estate by failure to file the inventory. An additional bond was required of her by the decree from which this appeal is taken, in a sufficient amount to compel proper administration of the estate and a due distribution of its effects.

[3] It is unnecessary to discuss in detail the several objections and exceptions made or reserved on the introduction of evidence. No good purpose would be subserved thereby. The respective interests of petitioners and of Jennie U. Willoughby in the property and estate of the decedent will be determined and declared on final decree of distribution. We may observe of these exceptions that it was competent for the administratrix to testify, in response to interrogatories propounded by her counsel, that when the inventory was filed she included therein all of the property she "had in hand," and that she "then knew" or could "then recollect"; that she had not disposed of any of the property of the estate, and had the same in her possession subject to distribution. This was not a statement of opinion or a conclusion condemned in B. R. L. & P. Co. v. Randle, 149 Ala. 539, 545, 43 South. 355; Houston v. Elrod, 81 South. 831;[1] Union Painless Dentists v. Dement, 6 Ala. App. 505, 60 South. 421.

The question, "Did you or not, on that inventory, list all of the property that you then had in hand belonging to Mr. C. D. Willoughby and that you then knew belonged to his estate?" to which the witness answered, "To my best knowledge," preceded the question, "State whether or not you did when you filed this inventory put in all the property you had in hand, and that you could then recollect," to which the witness answered "Yes." Petitioners' objection to the question was that it called for a recollection, for a purely mental operation. The authorities cited by petitioners are not in point. That of Stewart v. State, 78 Ala. 436, 439, denied the statement of witness' mental status; that he was "in a fright." In B. R., L. & P. Co. v. Friedman, 187 Ala. 562, 570, 65 South. 939, 941, it was sought to show, by the motorman, "his judgment of his ability to bring the car down under control." Manchester Fire Ass'n Co. v. Feibelman, 118 Ala. 308, 319, 329, 23 South. 759, 762, denied the question, "Whom did you think you were consenting?" etc. In Birmingham Bottling Co. v. Morris, 193 Ala. 627, 634, 69 South. 85, 88, the interrogation denied to defendant was whether its agent "had any malice toward plaintiff, and whether or not he was mad at plaintiff." McCormick & Richardson v. Joseph & Anderson, 77 Ala. 236, 239, 240, held it improper to allow a witness to testify that he had made the sale in question "because he believed him (the purchaser) to be solvent, and that 'he would not have sold had he known of such insolvency.'" In B. R. & E. Co. v. Franscomb, 124 Ala. 621, 623, 27 South. 508, 509, the witness was not allowed to state that he "considered that a signal for me to come ahead." And in Arnold v. Cofer, 135 Ala. 364, 367, 368, 33 South. 539, 540, the witness having testified on cross-examination that he had bought a cow, the question "for whom the cow attached was bought" was held improper on redirect examination, as the secret or undiscovered intention at the time of the purchase.

Each of these cases is distinguishable from the questions propounded to Mrs. Willoughby against petitioners' objection, and her answers thereto to which exceptions were reserved. The first was whether, as a matter of fact, she included in the inventory, or instructed her attorney to so include, a list of all of decedent's properties she then "had in hand," or knew belonged to his estate. Her answer was not of an undisclosed mental status, but of the fact that, to the best of her knowledge, she included in the inventory all of the trust property in question. She was permitted, without objection, to explain, of the Caldwell and Patterson note for $1,600 that she did not have same before her when she made the inventory, but that she told her attorney, Mr. Young, when preparing the inventory, about it. It is true she qualified this statement by the expression "I think," yet no objection was reserved to this manner of the witness of giving her best recollection of the fact disclosed to the attorney. The second of the challenged questions was only a modified statement of what the witness had declared; that when she filed the inventory she put in all the estate's property she "had in hand" or could remember to have possessed. It had been disclosed by the evidence such property consisted of long schedules of personalty, of many articles of different kinds; and the questions but elicited from her a statement of the fact that she had disclosed, or attempted to disclose to her counsel, all of the trust property of the estate of which she had knowledge, that they might be embraced in the inventory as required of her by the statutes, Code, §§ 2579–2585.

[4] It was further permissible for her to explain that she kept her jewelry in Mr. Willoughby's safety box at the First National Bank, and that the diamond in question was given her by her husband, as she indicated, not as showing title in her to such valuable stone, but as shedding light upon her good faith in removing it, with her other jewelry, from said safety box.

After due consideration of all the evidence and of the able argument of counsel in support of the petition for removal, we are of-

opinion that no error was committed in the rendition of the decree of the probate court, from which appeal is taken.

Affirmed.

ANDERSON, C. J., MAYFIELD and SOMERVILLE, JJ., concur.