HOUSTON, Justice.
The issues in this case are 1) whether the Probate Court of Covington County erred in denying the petition of the appellant, Curtis L. McCormick, seeking the removal of the appellee, Murray D. Langford, as the executor of the éstate of Walter B. Langford, and 2) whether the court erred in ordering a final settlement of the estate of Walter B. Langford. We affirm in part, reverse in part, and remand.
By the terms of his will, Walter B. Langford left the remainder of his estate, after payment of debts and funeral expenses, to his seven children, and appointed his son Murray Langford to be the executor of his estate. The will was admitted to probate, and letters testamentary were issued to Murray Langford on July 21, 1980. On October 17,1985, Anava L. McCormick, one of the testator’s daughters, died. At that time the estate of Walter B. Langford remained unsettled. Thereafter, Curtis McCormick, the husband of Anava McCormick and the appointed representative of her estate, filed an appearance in the Cov-ington County Probate Court and petitioned that court for the removal of Mur *644 ray Langford as executor.[1] He assigned the following as grounds for removal:
“1. The said Executor has not filed any accounting as required by the laws of the State of Alabama.
“2. The said Executor has not performed his duties as Executor as the same are prescribed by the laws of the State of Alabama.
“3. The inattention of the said Executor to the duties imposed upon him has subjected the estate to unnecessary losses and delays.”
After a hearing, the court entered the following order:
“This matter being before the Court upon a Motion for Removal of the Executor of the above estate filed by Curtis McCormick, and the Court having considered said Motion along with the evidence and testimony, and there being no proof of fraud or misuse of the Estate Assets, the Court is of the opinion that to grant said motion would only cause further delay in the closing of the Administration of the Estate;
“It is, therefore, ORDERED, ADJUDGED AND DECREED that said Motion be, and the same is hereby DENIED.
“It is further ORDERED, that Murray D. Langford, Executor, file his statement of accounts and other matters preliminary to the final settlement of this estate by the 17th day of April, 1987, and a final hearing shall be held upon said settlement on the 5th day of May, 1987 at 9:00 A.M.
“Done and ordered this 3rd day of April, 1987.”
As directed by the court, the petition for final settlement was filed, and a copy delivered to Curtis McCormick, on April 17, 1987. The statement of account submitted with the petition is an eight-page document. It states, in pertinent part, as follows:
“The undersigned, MURRAY D. LANGFORD, Executor of the Estate of Walter B. Langford, respectfully submits to the Court the following statement of account of his acts and doings as said Executor from July 21, 1980 to April 17, 1987, and charges himself as follows, to-wit:
"TOTAL MONEY RECEIVED AND COLLECTED:
“Savings Account $17,050.23
“Checking Account 7,355.20
$24,405.43
“The savings account was deposited to checking and disbursements were made as shown on the attached itemized list. All interest received is added as received. Also, the beneficiaries of the estate, from time to time, contributed further sums to the maintenance of the estate property.
“One brother, Fred Langford, did not wish to remain a common owner of the land. Upon agreement by the other children and beneficiaries of the estate of Walter B. Langford, Fred Langford’s interest in the estate was purchased by the other children and Fred Langford executed a deed to the remaining beneficiaries.
“The remaining balance shown on hand, $10,855.09, represents the total cash left remaining in the estate.”
The itemized list attached to the statement shows several hundred transactions. These transactions are listed in chronological order, covering a period between June 2, 1980, and March 12, 1987, and show deposits into, and withdrawals from, the estate account. Each payee is identified by name, and in many instances the purpose *645 of a payment is specified (e.g., “Bal. of Med. Bills,” “taxes,” “Bldg. Mat.,” etc.). A running balance is also shown. However, no documents supporting these transactions (e.g., bank statements, cancelled checks, receipts, etc.) were filed.
Curtis McCormick filed an objection to the petition for final settlement, alleging, inter alia, that the petition was not in compliance with the “statute controlling final settlements of estates.” This objection was overruled and the following order was entered by the court:
“The 5th day of May, 1987 having been set to hear and pass upon the accounting filed by Murray D. Langford on the 17th of April, 1987 in his capacity as the Executor of the Estate of Walter B. Lang-ford, for final settlement of his administration thereof; and,
“Murray D. Langford being present and represented by his attorney, J. Mark Murphy, and Curtis McCormick, Executor of the Estate of Anava L. McCormick, being present and represented by his attorney, Wayne Mills, and all others interested in this estate having [filed] a waiver of notice and appearance in this cause, the Court proceeds to examine said account and to consider the proof relating thereto.
“WHEREUPON, Murray D. Langford gave brief testimony to support his accounting and moved the Court that the account may be passed and allowed. Curtis McCormick was given an opportunity to examine Murray D. Langford and, following said examination, gave notice of his objection to said final settlement; and,
“The Court finding that the account was complete and satisfactory and that there is no proof presented of fraud or misuse of the Estate assets and there being no specific allegations of any wrongdoing on the part of Murray D. Langford;
“It is therefore ORDERED, ADJUDGED and DECREED that the accounts [are] allowed as stated and are to be recorded.
“Further, it is ORDERED, ADJUDGED and DECREED that Murray D. Langford is released and discharged as said Executor.
“Done this the ll[th] day of May, 1987.”
This appeal followed.
Section 43-2-290, Code 1975, reads as follows:
“An administrator may be removed, and his letters revoked for his removal from the state; and an administrator or executor may be removed and his letters revoked for any of the following causes:
“(1) Imbecility of mind; intemperance; continued sickness, rendering him incapable of the discharge of his duties; or when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate.
“(2) Failure to make and return inventories or accounts of sale; failure to make settlements as required by law; or the failure to do any act as such executor or administrator, when lawfully required by the judge of probate.
“(3) The wasting, embezzlement or any other maladministration of the estate.
“(4) The using of any of the funds of the estate for his own benefit.
“(5) A sentence of imprisonment in the penitentiary, county jail or for hard labor for the county for a term of 12 months or more.” (Emphasis added.)
Section 43-2-500, Code 1975, states:
“Every executor or administrator must make annual settlements of his administration; and he may, when necessary for the interests of the estate, be required to make a settlement at any time.”
(See also § 43-2-338, Code 1975, dealing with annual settlements when the estate is authorized by the probate court to be kept together.)
It is undisputed that Murray Langford failed to make annual settlements concerning the administration of his father’s estate. The record is silent as to why these *646 settlements were never made.[2] Neither does the record contain any evidence tending to show waste, embezzlement, or any other such maladministration of the estate on the part of Murray Langford. Curtis McCormick contends that because Murray Langford failed to make annual settlements, the probate court abused its discretion in not removing him as the executor. We disagree.
Although an executor is required by § 43-2-500 to make annual settlements of his administration, his failure to do so, in the absence of evidence of some other maladministration prejudicial to the estate, does not mandate his removal. Willoughby v. Willoughby, 203 Ala. 138, 82 So. 168 (1919); Hubbard v. Smith, 45 Ala. 516 (1871); Hightower v. Moore, 46 Ala. 466 (1871). See also Oglesby v. Howard, 43 Ala. 144 (1869). The denial of McCormick’s petition to remove the executor is affirmed.
Curtis McCormick also contends that the court erred in ordering a final settlement of the estate. He argues that the petition for final settlement was insufficient because the statement of account submitted with it was unsupported. He maintains that he was entitled to see and examine the documents supporting the statement of account so that he could confirm the accuracy of the final settlement. We agree.
Section 43-2-502, Code 1975, in pertinent part, states:
“In making settlements of an administration, the executor or administrator must proceed as follows:
“He must make out an account between himself and the estate he represents, charging himself with all the assets of the deceased which have come into his possession, except the lands, and crediting himself with all the credits he is by law entitled to; which account, verified by his oath, must be filed with the judge of probate of the court having jurisdiction.
“With such account he must also file the vouchers and written evidence in his possession, on which he relies to sustain the credit side of such account.” (Emphasis added.)
Murray Langford was required under this section to file with the probate court those documents supporting his statement of account (see also Grist v. Carswell, 231 Ala. 442, 165 So. 102 (1935)), or to provide a sufficient explanation for his failure to do so. Because he did not do that in this case, the probate court’s final settlement order is reversed and the case is remanded to that court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, ALMON and SHORES, JJ., concur.

. Curtis McCormick, as the personal representative of his wife’s estate, had standing to petition the probate court for the removal of Murray Langford.
Section 43-2-293, Code 1975, states:
"Application for the removal of any executor or administrator, or for an additional bond, must! be in writing, verified by oath, must specify the groundsfof complaint and must be made to the court/from which letters issued, or in which the administration is pending; and may be made by any creditor, legatee, devisee, heir or distributee, or by any coexecutor, coadministrator or the sureties, or any of them." (Emphasis added.)
"An executor occupies a position of trust with respect to those interested in the estate and is the representative of the decedent, of creditors and of the legatees and distributees." Maryland Cas. Co. v. Owens, 261 Ala. 446, 451, 74 So.2d 608, 612 (1954).

. Section 43-2-311, Code 1975, provides that a testator may by express provision in his will exempt an executor from filing an inventory or making any report or final settlement. No such provision appears in the will of Walter Lang-ford.